MABEL DILLON, BY FRANK DILLON, HER NEXT FRIEND, AND FRANK DILLON, PLAINTIFFS, v. E. HELLER AND BROTHERS, INCORPORATED, A CORPORATION, DEFENDANT.

Argued June 7. 1923—Decided November 7, 1923.

1. M. D., a girl between fifteen and sixteen years of age, lost four fingers of her left hand when it was caught between the roller and steam chest of a mangle which she was feeding. The remainder of the hand was deformed and repulsive. In view of the fact that the injury precluded the earning of a livelihood by manual labor and also lessened her chances of matrimony—*Held*, that a verdict of $7,500 was not excessive.

2. A church record of baptisms, kept under circumstances which make it admissible in evidence, is proof not only of the fact of baptism, but also of the age of the person baptized, if the age is set forth in the record of baptism.

On rule to show cause.

Before Justices KALISCH and KATZENBACH.

For the plaintiffs, *Kent & Kent* (*Nathaniel Kent*, of counsel).

For the defendant, *McDermott, Enright & Carpenter*.

The opinion of the court was delivered by

KATZENBACH, J. This case is before us on defendant's rule to show cause. The plaintiff Mabel Dillon, a minor, by her next friend, obtained a judgment against the defendant for $7,500 for personal injuries. In August, 1922, the plaintiff, representing herself to be sixteen years of age, sought and obtained employment with the defendant. For the first two weeks she was placed at work of a non-dangerous character. At the commencement of the third week of her employment she was put to work feeding the mangle of a machine used for laundering handkerchiefs. This was a dangerous employment. After working about a week, and on September 13th, 1922, the plaintiff in endeavoring to straighten a handkerchief, caught her left hand in the mangle. The hand was drawn in between the roller and steam-chest, where it was caught and remained caught for some twenty minutes before being extricated by lifting the roller with crowbars. The hand was burned to a crisp and four fingers dropped from it, leaving the remainder of the hand badly deformed. The injury was painful and permanent.

Upon the theory that the plaintiff was not estopped by the misrepresentation of her age from instituting an action against her employer for negligence, this suit was instituted. Such an action has been sustained in the cases of *Feir* v.

*Weil,* 92 *N. J. L.* 610; *Lesko* v. *Liondale ˙ Bleach, &c., Works,* 93 *Id.* 4, and *Volpe* v. *Hammersley Manufacturing Co.,* 96 *Id.* 489.

The first point argued by the defendant under its rule is that the damages are excessive. The plaintiff before the accident had two, hands, which made it possible for her to earn a livelihood. After the accident one hand was practically useless, deformed and repulsive. She was incapable of manual labor. Her chances for matrimony were materially lessened by her disfigurement and inability to do the household work required of a married woman in the plaintiff's station in life. The character of the injury was such as to cause great suffering. At the time of the trial she still had a burning sensation in her hand. While the verdict might be considered large, we do not think under all the circumstances that it can be considered excessive. The amount in no sense shocks the conscience. We think it should not be decreased.

The second ground urged by the defendant to set aside the verdict is that it is contrary to the weight of the evidence on the question of the plaintiff's age. The plaintiff's age was, of course, the *crux* of the case. If she was fifteeen the action as instituted could be maintained. If sixteen her remedy was to apply for compensation under the Workmen's Compensation act. The burden was upon the plaintiff to establish by a preponderance of the testimony that she was under sixteen years of age at the time of the accident. Her father testified she was born on April 14th, 1907. The attending midwife testified that the plaintiff was born in April, 1907. A record of the baptism of the plaintiff was made on May 29th, 1910, and gave her birth as of April 15th, 1907. The defendant offered no witness in contradiction of this testimony. It produced a birth certificate of Mabel Dillon, filed in the city of Hoboken, showing the date of birth as April 14th, 1906. This certificate, however, had not been filed until October 18th, 1922, which was over a month after the accident. In view of the direct and positive testimony given by the witnesses for the plaintiff and the doubt cast upon the correctness of the birth certificate by its belated filing, we

are of the opinion that the result, reached by the jury on this question, is not against the weight of the evidence.

It has been mentioned in the preceding paragraph that during the progress of the trial the baptismal record of the First Methodist Episcopal Church of Hoboken was produced by the pastor, who testified that this record was kept under the rules of the church. There was entered in this record, in the handwriting of a former pastor of the church, as testified to by the present pastor, the record of the baptism of the plaintiff on May 29th, 1910. In the record the date of the plaintiff's birth is given as having occurred on April 15th, 1907. A certificate signed by the pastor, which was a true copy of the record, was admitted in evidence. To the admission of this evidence the defendant excepted. The defendant now contends that the admission of this evidence was erroneous and on this ground the verdict should be set aside. Of course the entrant, the former pastor of the church, had personal knowledge only of the fact of baptism. The information as to the date of birth was imparted to him by others. In this respect it is hearsay testimony. It would seem logical that an entry of the fact of baptism should not be receivable to prove the date of birth. On the other hand, these church or parish registers are records in a sense of the family life as well as a record of the ceremony, for which the information therein contained is imparted. There could have been in the present case no motive in deceiving the entrant as to the date of the birth of the plaintiff. The entry was made over twelve years before the present controversy arose, and that such a controversy would arise over the age of the plaintiff could not have been foreseen. There has been considerable conflict in different jurisdictions as to the admissibility of those facts stated in the record which are not within the personal knowledge of the entrant. In some states it has been the subject of legislative action. In most jurisdictions in which the question has not been settled by legislative enactment the courts have held that it is desirable to admit such registers as evidence, first, of the facts required therein to be recorded, and, second, of the facts which

it is the custom to enter on the faith of other persons having personal knowledge as, for example, in baptism registers of the name, sex, parentage and date of birth, as well as the fact of baptism. *Wigm. Ev.,* § 1646. This is the view apparently entertained by the courts of this state. In the case of *Supreme Assembly* v. *McDonald,* 59 *N. J. L.* 248, the question was not squarely before the Court of Errors and Appeals because the church "registry of baptisms" did not contain the age of the person baptized, and the court held the refusal of the trial court to admit evidence of the contents of the register from which only inferences as to the age of the person in dispute could be drawn was proper. The court, however, in its opinion commented with apparent. approval on the case of *Hunt* v. *Order of Chosen Friends,* 64 *Mich.* 671, which held that a church register of baptisms showing the baptism, the names of the parents and the age of the person baptized, supported by the evidence of the priest that such a record was required by the rules of the church, was admissible as evidence of the age of the person baptized. In a later case in the Court of Errors and Appeals (*Hancock* v. *Catholic Benevolent Legion,* 67 *Id.* 614) the question was squarely presented by the refusal of the trial court to admit a deposition in evidence on the ground that the statements in the deposition were not sufficient to make the records therein referred to as taken from the parish register of baptisms admissible. The court reversed this ruling and held that the deposition was admissible, citing and referring, amongst other authorities, to the case of *Hunt* v. *Order of Chosen Friends, supra.* Upon the authority of the cases in this state above referred to we are of the opinion that the certificate of the record of baptism of the Hoboken church was properly admitted in evidence and was also evidential as to the plaintiff's age.

This disposes of all the argued grounds for setting aside the verdict. The rule to show cause is discharged.