E. HELLER & BROTHERS, INCORPORATED, complainants-appellants,

*v.*

MABEL DILLON, an infant, &c., defendants-respondents.

[Argued March 7th, 1924. Decided May 19th, 1924.]

1. The Factory act (*P. L. 1904 p. 152,* as amended by *P. L. 1914 pp. 523, 525 § 7; 1st Supp. Comp. Stat. of N. J. p. 851*) provides, no minor under the age of sixteen years shall be employed, permitted or suffered to work at laundering machinery. *Held,* fraud, misrepresentation as to the infant's age, or mistake, are not defenses to an action under the statute, to recover damages, either in the courts of law or in a court of equity.

2. A bill was filed in the court of chancery to restrain the collection of a judgment recovered under the statute, for its violation, on the ground of fraud and misrepresentation as to the age of the infant at the time of the employment. A rule to show cause containing a restraint was issued at the same time. On the return of the rule, it was discharged on the ground of lack of equity. *Held*, this was proper, and the decretal order is affirmed.

On appeal from a decree of the court of chancery.

*Messrs. McDermott, Enright & Carpenter*, for the appellants.

*Messrs. Kent & Kent*, for the respondents.

The opinion of the court was delivered by

BLACK, J.

The complainant's bill was filed to restrain the collection of a judgment recovered in the supreme court. The plaintiff was an infant under sixteen years of age. She was employed by the complainant in violation of the Factory act. Upon filing the bill a rule was obtained from a vice-chancellor, requiring the defendants to show cause why an injunction should not issue, restraining them from taking any steps to collect, or from selling or assigning the judgment, until the final hearing of the cause. The rule also contained a restraint until the further order of the court. Upon the return of the rule to show cause, Vice-Chancellor Fielder discharged, for want of equity, the rule to show cause. From that order this appeal was taken.

The facts are quite fully and clearly stated in the conclusions filed by the learned vice-chancellor. The meritorious question involved in the case turns upon the proper construction of the Factory act (*P. L. 1904 p. 152*, as amended by *P. L. 1914 pp. 523, 525* § *7; 1st Supp. Comp. Stat. of N. J. p. 851*), which provides, no minor under the age of sixteen years shall be employed, permitted or suffered to work at certain enumerated occupations or in certain enumerated

positions, among which, "laundering machinery" is included. The record shows that Mabel Dillon, the defendant, who was under sixteen years of age, was so employed and injured while working at laundering machinery in violation of that statute. The construction of this act is no longer an open question in this court. The statute was examined and applied in the case of *Feir* v. *Weil, 92 N. J. Law 610.* In that case this court said, the statute was passed by the legislature in the exercise of its police power, primarily for the protection of child life, as being beneficial to the state. Neither fraud nor misrepresentation as to the infant's age, or mistake of the parties, are defenses to an action brought to recover damages arising out of a violation of the statute. The principle of that case was re-examined by this court and re-affirmed in the case of *Volpe* v. *Hammersley Manufacturing Co., 96 N. J. Law 489; 284 Fed. Rep. 75.* So, likewise, in the supreme court. *Lesko* v. *Liondale Bleach, &c., Works, 93 N. J. Law 4; Dillon v. E. Heller & Bros., 122 All. Rep. 595.* The infant is not chargeable with contributory negligence or with having assumed the risks arising out of such employment. She is not affected by the provisions of the Workmen's Compensation act. *Lesko* v. *Liondale Bleach, &c., Works, supra.* The infant is not estopped, by the misrepresentation of her age, from instituting an action to recover damages against the employer for negligence. *Ibid.* The complainant's bill charges fraud and misrepresentation as to the age, on the part of the infant defendant, in procuring the employment in violation of the statute. It also charges that she is estopped by reason of such fraud and misrepresentation from recovering the judgment in the supreme court against the defendant; therefore, further action on the judgment should be restrained. But, as stated above, such are not defenses to the action in the law courts nor can they be defenses in a court of equity. The mandate of the statute is that no minor under the age of sixteen years shall be employed, permitted or suffered to work at laundering machinery. There is no middle ground. The prohibition is absolute. The courts must enforce the provisions of the statute as written. It is no province of the courts to super-

vise legislation. *Douglass* v. *Board of Chosen Freeholders, 38 N. J. Law 216.* Such defenses to the action cannot be entertained either in the courts of law or in a court of equity.

We think the result reached by the learned vice-chancellor in discharging the rule containing the restraint was proper and for the reasons stated above. This view of the case renders it quite unnecessary to discuss or express any opinion upon the other mooted questions. The order of the court of chancery discharging the rule to show cause is affirmed.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON—13.

*For reversal*—None.