ROY WATSON, BY HIS NEXT FRIEND, SHERMAN WATSON, RESPONDENT, v. THOMAS E. STAGG, APPELLANT.

Submitted October 16, 1931—Decided February 11, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *Edward A. Markley* and *Charles W. Broadhurst.*

For the respondent, *Louis A. Mounier, Jr.*

The opinion of the court was delivered by

PARKER, J. The plaintiff, a minor between fourteen and fifteen years of age, employed by defendant as a farm hand during the summer vacation, lost the sight of one eye by contact with a loose electric light wire, and brought this suit against his employer for damages based on negligence. He had a verdict and judgment from which this appeal is taken. The substantial questions raised by the appeal are whether the Workmen's Compensation act provided an exclusive remedy, and (2) whether defendant should have been allowed to prove, as the case clearly shows he could have done, that there had been a proceeding under the Workmen's Compensation act and an award of double compensation as provided by paragraph 9 of that act as amended in 1924. *Pamph. L., p.* 359. The trial court shut out all proof on this point but it is clearly before us on questions overruled and the records of the proceeding which were marked for identification and are printed as part of the case.

We are of opinion that there was error in excluding this evidence and that on that account the judgment must be reversed.

The amendment of 1924 seems clearly to supersede prior cognate legislation so far as the present case is concerned. As we read these prior acts, they do not prohibit employment of infants between fourteen and sixteen in "agricultural pursuits." The act of 1904 (*Pamph. L., p.* 152), relates to printing plants, laundries, factories, mines and quarries. That of 1907 (*Pamph. L., p.* 552; *Comp. Stat., p.* 3039), speaks of "mercantile establishments" without describing or defining them. That of 1911 (*Pamph. L., p.* 194, amended in 1918, *p.* 745), also speaks of "mercantile establishments" throughout its text, and specifically defines them for the purposes of the act in section 15, the language of the definition being used in the title. It reads: "Employment other than in factories, work shops, mills, places where the manufacture of goods of any kind is carried on, mines, quarries, or in agricultural pursuits." As the attempt is to define "mercantile establishments" we think the meaning is clearly to exclude agricul-

tural pursuits from that category, and hence, apart from regulations relating to age and schooling certificate (*Pamp. L.* 1914, *ch.* 223, § 13), no inhibition on working as a farm laborer.

The amendment of 1924 to paragraph 9 of the Compensation act provides, among other things, that in the case of "a minor between fourteen and sixteen years of age employed, permitted or suffered to work without an age and schooling certificate or age and working certificate * * * a compensation * * * shall be payable to the employe * * * which shall be double the amount payable" in ordinary cases. At the end of the section is the following proviso:

"Nothing in this act contained shall deprive an infant under the age of sixteen of the right or rights now existing to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her master."

It will thus be seen that in a situation such as that presented by the present case, the injured party has the right of proceeding under the Workmen's Compensation act and recovering double compensation because of having been employed without the certificate mentioned, or in the alternative, of resorting to an ordinary suit for damages based on negligence in cases where the accident was due to negligence. We are clear that he cannot do both; and this was the view of the Court of Errors and Appeals in the case of *Boyle* v. *Van Splinter,* 101 *N. J. L.* 89. That case rested on a different statute, but there can be no distinction in principle. The court distinctly held that if the Workmen's Compensation Bureau had jurisdiction (which was a disputed point in the case) and exercising that jurisdiction, had made its finding, the common law action would be barred.

In the case now before us there seems to be no question with regard to the jurisdiction of the Workmen's Compensation Bureau. The case is clearly within the language of the amendment of 1924 above quoted, and consequently in a case where the employment is not in violation of any provision of the Factory act (*Terlingo* v. *Belz-Parr, Inc.,* 106 *N. J. L.*

221), and the injured party has elected to resort to the Workmen's Compensation act for his remedy and there has been an adjudication in his favor in that proceeding, it operates as a bar to further resort to the alternative provision of the statute permitting an action for damages.

Applying these principles to the case before us, it follows that when the defendant offered to prove, and attempted to prove, that there had been a workmen's compensation proceeding and there had been an award, this proof should have been admitted, and, if admitted, should have resulted in a direction of a verdict for the defendant. The offers of such proof were overruled and exceptions duly entered. The case is before us on proper grounds of appeal and the judgment is accordingly reversed, to the end that a *venire de novo* issue, and that at the second trial the defendant be permitted to make the proof which was excluded at the first.