KENNETH CHIPMAN, BY HIS FATHER AND NEXT FRIEND, WILLIAM HENRY CHIPMAN; AND WILLIAM HENRY CHIPMAN IN HIS OWN RIGHT, PLAINTIFFS, v. PAUL CRAMER, INDIVIDUALLY AND TRADING AS FARMER'S DAIRY, DEFENDANT.

Decided March 15, 1938.

For the motion, *Mair H. Auerbach.*

Opposed, *Robert A. Lederer.*

LAWRENCE, S., C. C.  This motion is predicated on the theory that there are certain issues involved in the present suit which are pure matters of law and may be settled before trial, thus eliminating some of the defenses pleaded in defendant's answer.  Rules 40 and 94 of the Supreme Court are invoked.

The plaintiff Kenneth Chipman, a boy fourteen years of age, was employed by defendant to assist the driver of his milk truck in making daily retail deliveries.  The hours of work were from two A. M. to eight A. M. each day, including

Sunday. On September 28th, 1937, the boy was injured as the result of the alleged negligent operation of the truck by the driver, the accident arising out of and in the course of his employment. Instead of resorting to the Workmen's Compensation act, chapter 95 of the laws of 1911, as amended; *Rev. Stat.* 1937, 34:15-1 (*pp.* 78) *et seq.*, an action at law (the present suit) was brought to recover for the boy's injuries, as permitted under article 2 to the effect that "nothing in this chapter contained shall deprive an infant under the age of sixteen of the right or rights now existing to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her master." Defendant in his answer pleads as separate defenses the fellow servant rule (see *Butler* v. *Eberstadt*, 113 *N. J. L.* 569; 175 *Atl. Rep.* 159), assumption of risk and contributory negligence. It is to these defenses that the motion here considered is addressed on the ground that they cannot in this suit be available to defendant at the trial as a matter of law.

In support thereof, it was urged in behalf of the infant plaintiff on the argument of the motion that the provision of article 1 of the Workmen's Compensation act, *supra* (34:15-2), that the right of compensation shall not be defeated upon the ground that the injury was caused in any degree by the negligence of a fellow servant, or that the injured employe assumed the risks inherent in or incidental to or arising out of his employment, which grounds were thereby abolished, applies and that defendant cannot consequently be exonerated for any such reason.

It may be suggested, however, that as a matter of fact the Workmen's Compensation act has no application to the cause of action here involved, for the reason, as was pointed out in *Butler* v. *Eberstadt*, cited above, that neither of the articles of the act is applicable in a case of casual employment, and by like token it would seem to follow that if in the case of an infant the employment is illegal, provisions of the act as a whole would have no application in a suit as at common law to recover damages for injuries resulting from the negligence

of the master. *Boyle* v. *VanSplinter,* 101 *N. J. L.* 89; 127 *Atl. Rep.* 257.

It was argued that defendant's employment of the boy plaintiff, considering his age and hours of work, was in violation not only of the Child Labor laws (*Pamph. L.* 1914, *ch.* 253; 1918, *ch.* 204, and 1919, *ch.* 36; *Rev. Stat.* 1937, 34:2-4), but also of the School laws (*Pamph. L.* 1914, *ch.* 223; 1919, *ch.* 37; 1926, *ch.* 17, and *Rev. Stat.* 1937, 18:14-32), excepting as to children employed in agricultural pursuits. But whether these acts do apply to the case in hand appears at the moment to be a factual question for the determination of the jury at the trial on the submission of proper evidence as to the nature and character of the boy's work, although the hours of employment, if shown by credible evidence, would appear to indicate a violation of one or more of the relevant acts. It is sufficient, therefore, to say that if it be found by the jury that the employment was illegal, the special defenses set forth in defendant's answer would apparently not be available to him, in view of the holding in such cases as *Feir* v. *Weil,* 92 *N. J. L.* 610; 106 *Atl. Rep.* 402; *Lesko* v. *Liondale Bleach Dye and Print Works,* 93 *N. J. L.* 4; 107 *Atl. Rep.* 275; *Volpe* v. *Hammersley Manufacturing Co.* 96 *N. J. L.* 489; 115 *Atl. Rep.* 665, and *E. Heller & Bros., Inc.,* v. *Dillon,* 96 *N. J. Eq.* 334; 125 *Atl. Rep.* 101. Also *Watson* v. *Stagg,* 108 *N. J. L.* 444; 158 *Atl. Rep.* 820, and *Damato* v. *DeLucia,* 110 *N. J. L.* 380; 166 *Atl. Rep.* 173.

It follows, in the circumstances, that the motion to strike the separate defenses, for such it is considered in effect to be, cannot be disposed of at this time, but will be denied, without costs, and without prejudice to a renewal at the trial, in the event that no factual controversy arises as to the illegality of the boy plaintiff's employment; otherwise it may become an issue for the determination of the jury under an adequate statement of the law applicable by the trial judge.