ARTHUR BEAUCHAMP, Appellee, *vs.* THE STURGES & BURN MANUFACTURING COMPANY, Appellant.

*Opinion filed April 19, 1911—Rehearing denied June 8, 1911.*

1. MASTER AND SERVANT—*injured child has right of action for damages though the statute does not expressly so state.* Where a child under the age specified in the act of 1903, relating to the employment of children, is employed in violation of the statute and is injured, he has a right of action for damages against the employer even though the statute does not expressly so provide. (*Strafford v. Republic Iron Co.* 238 Ill. 371, adhered to.)

2. SAME—*child not estopped by false statement as to his age.* A child under the age specified by the act prohibiting the employment of children in certain occupations cannot, by making a false statement as to his age, render lawful his employment in violation of the statute, and he is not on that ground estopped from maintaining an action against his employer for damages in case he is injured. (*American Car Co.* v. *Armentraut,* 214 Ill. 509, followed.)

3. CONSTITUTIONAL LAW—*section 11 of the Child Labor law of 1903 is not invalid as fixing age limit of boys too high.* Section 11 of the act concerning the employment of children in hazardous occupations is not, in fixing the age limit of boys who may enter certain occupations at sixteen years, invalid upon the ground that a boy sixteen years old should be held to have arrived at the age of discretion and be allowed to choose his occupation and exercise his right of contract with reference thereto without restraint.

4. SAME—*the fact that liability for damages is not expressed in title does not render section 11 of Child Labor law invalid.* The right of an injured child, employed in violation of section 11 of the act of 1903, to maintain an action for damages against his employer arises under the statute by implication, and a construction which authorizes the maintenance of such action does not render section 11 of the act unconstitutional upon the ground that a new liability is created by such section which is not expressed in the title of the act.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

BULKLEY, GRAY & MORE, for appellant.

GEORGE E. GORMAN, and WILLIAM BIGANE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by Arthur Beauchamp, by his next friend, in the superior court of Cook county, against the Sturges & Burn Manufacturing Company, to recover damages for a personal injury sustained by the plaintiff while in the employ of the defendant. The case was submitted to a jury upon a declaration consisting of one count, which averred that the plaintiff was under the age of sixteen years at the time of his employment; that he was employed by the defendant as a presshand in its factory, to operate a punch press, which employment was prohibited by section 11 of an act entitled "An act to regulate the employment of children in the State of Illinois, and to provide for the enforcement thereof," approved May 15, 1903, in force July 1, 1903; (Hurd's Stat. 1909, p. 1082;) that on the 26th day of April, 1907, and while plaintiff was operating said punch press, without fault on his part his right hand was caught in said punch press and was so crushed and mangled that it was necessary to amputate three of the fingers on said hand, and that the employment of the plaintiff, as aforesaid, in violation of the statute, was the proximate cause of his injury. The plea of the general issue and a plea setting up the unconstitutionality of the section of the statute upon which said action was based were filed, and upon a trial a verdict was returned in favor of the plaintiff for the sum of $4500, upon which the court, after overruling a motion for a new trial and in arrest of judgment, ren-

dered judgment in favor of the plaintiff. The defendant has brought the case direct to this court by appeal, on the ground that the section of the statute upon which the action was based is unconstitutional.

At the close of all the evidence the defendant moved the court for a directed verdict on the grounds (1) that the violation of the statute by the defendant did not give the plaintiff a cause of action; (2) that the plaintiff was estopped from maintaining his action because he represented to the defendant, at the time he was employed, that he was more than sixteen years of age; (3) that the section of the statute upon which the plaintiff's cause of action was based is unconstitutional. The court overruled the motion and the action of the court in so doing has been assigned as error, and the three propositions contained in said motion have been elaborately argued by counsel in the briefs filed in this court and orally before the court.

The facts, in brief, are as follows: Plaintiff, at the time of his injury, lacked seven days of being sixteen years of age, and he had been in the employ of the defendant, when injured, about two weeks; that two employees of the defendant testified that at the time the plaintiff was employed by the defendant he represented to the agent of the defendant who employed him that he was past seventeen years of age, but this was denied by the plaintiff; that the plaintiff was set to work upon a punch press by the defendant in its factory; that the punch press, while plaintiff was at work therewith, repeated, and caught the right hand of the plaintiff and crushed and mangled it so that three fingers of that hand were necessarily amputated.

The first contention of the appellant is that the employment of the appellee in violation of the statute, and his injury, did not give to the appellee a cause of action against appellant, as the statute does not in express terms provide that a child who is employed in violation of the statute, and while so employed is injured, shall have a right of

action against his employer for the recovery of damages
for such injury. We do not agree with this contention.
The precise question here presented for decision was be-
fore this court in *Strafford* v. *Republic Iron Co.* 238 Ill.
371, and was in that case decided adversely to the conten-
tion of the appellant. That was an action to recover for
a personal injury by a boy thirteen years, eleven months
and eight days old, who was injured in feeding angle-irons
into a straightening machine, in violation of the statute
which prohibits the employment of a child in a hazardous
business under the age of fourteen years. The court, in de-
ciding that case, on page 378 of the opinion said: "The
fact that the statute under consideration does not in ex-
press terms provide a liability in damages for its violation,
as is done by certain statutes relating to mines and miners,
can make no difference under the construction given the
statute in *American Car Co.* v. *Armentraut,* 214 Ill. 509.
The statute was enacted for the protection of the health
and safety of children, and a liability for damages resulting
from its violation is created whether it is expressly so de-
clared in the statute or not." This decision accords with
logic and reason and is supported by what we believe to
be the weight of authority, and we do not feel justified in
receding from the holding announced therein.

It is next contended that the appellee is estopped from
maintaining this action because, it is said, he represented
to the appellant, at the time he was employed, that he was
over seventeen years of age. If the appellee did misrep-
resent his age at the time he was employed, we are of the
opinion he was not estopped from maintaining this action
by reason of such representation. The law is, that if the
appellant employed the appellee in violation of the statute
it is liable if he was injured while in such employment.
The case of *American Car Co.* v. *Armentraut, supra,* was
an action on the case to recover damages by a boy who
had been employed in violation of the statute prohibiting

the employment of a child under fourteen years of age and who was injured while in such employment. Evidence was offered tending to show that at the time the boy was employed he stated he was sixteen years of age. The evidence so offered was excluded, and thereafter the defendant asked an instruction to the effect that if the boy falsely represented, at the time of his employment, that he was sixteen years of age and that he obtained his employment by reason of such false statement there could be no recovery. The instruction was refused, and it was held that the fact that the child falsely represented himself to be over fourteen years of age did not preclude him from maintaining an action to recover for an injury sustained while he was engaged in such employment or furnish a defense to his employer against such action, and that the evidence was properly excluded and the instruction was properly refused. That case is directly in point and controls this case, and it is not necessary to cite other cases to show that a child under the prohibited age cannot, by a false statement as to his age, make his employment in violation of the statute lawful and authorize the employer to do that which the statute in express terms says he shall not do. To so hold would be to hold a child by his false statement could, in effect, repeal the statute.

It is finally contended that section 11 of the statute is unconstitutional. It is conceded by the appellant that the legislature, under the police power, has the right to pass legislation which will prohibit the employment of children of tender years in hazardous occupations, but it is said that a boy sixteen years of age should be held to have arrived at the age of discretion, and that a statute which prohibits his employment in such occupations is an unlawful interference with his right of contract and is unconstitutional. The argument of the appellant is, therefore, that the statute is unconstitutional because it is unreasonable to prohibit a boy sixteen years of age from engaging in any class

of employment, but it is not contended it is unconstitutional by reason of the lack of power in the legislature to legislate upon the subject,—in other words, while the statute as applied to a boy fourteen years of age might be constitutional, as applied to a boy sixteen years of age it is unconstitutional. The question is therefore reduced to the proposition that the statute is an unreasonable exercise of the police power and not a usurpation of that power. While it might be conceded that in a very flagrant case (which question we do not decide) the courts could hold a statute unconstitutional on the ground that it was an unreasonable exercise of the police power, still, here it is only claimed that the age limit is fixed too high at which children may be lawfully employed in hazardous employments. Before the courts would assume to interfere and hold a statute unconstitutional, the age limit would necessarily have to be fixed so high as to show, clearly and beyond all question, that the age at which it was fixed was unlawful. We do not think the statute in question is unconstitutional as an unreasonable exercise of the police power.

In *Strafford* v. *Republic Iron Co. supra,* on page 375 it was said: "The statute in express and positive language forbade the employment of appellee in the business appellant was engaged in, in any capacity, and in the *Armentraut case* it was said such construction should be given the act as to effectuate its purpose, if it can be done without violence to the letter of the statute. The validity of such statutes has been sustained as an exercise of the police power of the State upon the ground that the State is interested in the protection of children, and to that end may pass laws preventing their employment at a tender age, when they should be in school, in occupations that expose them to danger of being crippled and maimed for life, and thereby rendered less capable of taking care of themselves and discharging the duties of citizenship on arriving at maturity. The wisdom and humanity of the statute cannot

be questioned, and in the *Armentraut case* we held that an employer must know, at his peril, that children employed by him are of an age that he may lawfully employ them."

In *Starnes* v. *Albion Manf. Co.* 146 N. C. 556, the Supreme Court of North Carolina said in a case where a similar question was at issue: "Child labor laws have been adopted in nearly all the States of this Union and Canada and are in force in nearly all the governments of Europe and of the Australian continent. They are founded upon the principle that the supreme right of the State to the guardianship of children controls the natural rights of the parent when the welfare of society or of the children themselves conflicts with parental rights. In this country their constitutionality, so far as we can ascertain, has never been successfully assailed. The supervision and control of minors is a subject which has always been regarded as within the province of the legislative authority. How far it shall be exercised is a question of expediency, which it is the province of the legislature to determine."

In *City of New York* v. *Chelsea Jute Mills,* 88 N. Y. Supp. 1085, in a case growing out of the violation of the statute prohibiting the employment of children under fourteen years of age, the court said: "This statute is assailed for unconstitutionality. No particular provision of the State or Federal constitution is assigned. It·is claimed to be 'an unwarranted, illegal and unconstitutional deprivation of the liberties of the defendant.' * * * The integrity of the statute is upheld under the police power of the State. A statute should not be declared unconstitutional unless required by the most cogent reasons or compelled by unanswerable grounds. Every presumption is in favor of the constitutionality of a statute. It is difficult to satisfactorily define the police power to cover every case, but it includes such legislative measures as promote the health, safety or morals of the community.· It is true that the legislature must respect freedom of contract and the right to live and

work where and how one will, yet the weal of the people is the supreme law. The legislature may not disregard it. Private interests are subordinated to the public good, and even a statute opposed to natural justice and equity, requiring vigilance or causing vexation or annoyance, will be upheld if within constitutional limitations. Much more potent, if possible, is a statute seeking the protection of children. They are the wards of the State, which is particularly interested in their well being as future members of the body politic, and has an inherent right to protect itself and them against the baneful effects of ignorance, infirmity or danger to life and limb."

In *Inland Steel Co.* v. *Yedinak,* 87 N. E. Rep. 229, a similar statute was before the Supreme Court of Indiana. In answering the charge that the appellant was denied the equal protection of the laws and was deprived of property without due process of law, that court said: "Children under sixteen years of age are wards of the State and are pre-eminently fit subjects for the protecting care of its police power. This power is an inherent attribute of sovereignty, and may be exercised to conserve and promote the safety, health, morals and general welfare of the public. The liberty and property of the individual citizens are held subject to such reasonable conditions as the State may deem necessary to impose in the exercise of this power. Such regulations and conditions will not fall within the inhibitions of the fourteenth amendment unless they are palpably arbitrary, extravagant and unreasonably hurtful and unnecessarily and unjustly interfere with private rights."

It is also urged that section 11 of the act is unconstitutional because the subject matter in that section is not expressed in the title of the act. In *Maule Coal Co.* v. *Parthenheimer,* 155 Ind. 100, it was said: "To express the subject of a statute in the title, in compliance with the requirement of the constitution, no particular form or terms are exacted, nor is it essential that such subjects be ex-

pressed with precision. The title will sufficiently conform to the command of the constitution if it be so framed and worded as fairly to apprise the legislators, and the public in general, of the subject matter of the legislation, so as to reasonably lead to an inquiry into the body of the bill. The constitutional requirement may be interpreted to mean that the act and its title must correspond—not literally, but substantially; and such correspondence is to be determined in view of the subject matter to which the legislation relates." The last clause of the title is, we think, broad enough to cover any reasonable regulation which would tend to insure the enforcement of the main object of the act, which was to protect children from engaging in employments where their immaturity, inexperience and heedlessness might cause them to be injured, which object, we think, would be materially advanced by a provision imposing a personal liability upon an employer to a child, who should employ a child in violation of the statute. The constitutional provision that "no act hereafter passed shall embrace more than one subject and that shall be expressed in the title," must have a reasonable construction and be liberally construed in favor of the validity of the enactment, (*Blake* v. *People,* 109 Ill. 504,) and any means which are reasonably adapted to secure the object indicated in the title may be included in the body of the act. (*Larned* v. *Tiernan,* 110 Ill. 173.) The right to maintain a civil action against the employer arises under the statute by implication, and a construction which authorizes the maintenance of such action does not render section 11 of the act unconstitutional by reason of the fact that a new liability has been created by that section of the statute which is beyond the scope of the title of said act.

Finding no reversible error in this record the judgment of the superior court will be affirmed.

*Judgment affirmed.*