CHARLES HETZEL, JR., BY NEXT FRIEND, APPELLANT, v. WASSON PISTON RING COMPANY, RESPONDENT.

Submitted March 27, 1916—Decided June 19, 1916.

In enacting the Workmen's Compensation act and declaring that every contract of hiring made subsequent to its going into effect shall be presumed to have been made with reference to the act, &c.,

the legislature must have had in mind contracts which were valid in law, or at least contracts which were not prohibited by statute; hence, where an infant thirteen years of age was employed in a factory, in direct contravention of the provisions of chapter 64 of the laws of 1904 (*Pamph. L.*, p. 152), and was injured while so employed, the scheme of compensation provided by the Workmen's Compensation act in nowise applies, and the common law liability of the employer to compensate the employe for injuries alleged to have been caused by the negligence of the master is not affected thereby.

On appeal from the Hudson Circuit Court.

For the appellant, *Harlan Besson.*

For the respondent, *Kalisch & Kalisch.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, an infant thirteen years of age, was employed in the factory of the defendant company, in which the manufacture of piston rings and other metallic articles was carried on. The present action is based upon the common law liability of an employer to compensate an employe for injuries received in his employment by reason of the negligence of the master. The defendant moved to strike out the complaint filed in the case upon the ground that, since the enactment of the statute of April 4th, 1911, commonly known as the Workmen's Compensation act (*Pamph. L., p.* 134), the common law liability of the master under the conditions recited has been abrogated, and the scheme of compensation provided by that act, and the extent of the owner's liability set out therein, have been substituted; and that, consequently, the exclusive remedy of the plaintiff in the present case is that which has been provided by the statute. The Circuit Court, conceiving that the ground of the application to strike out was well founded, held that the defendant was entitled to its motion, and from the judgment entered upon that ruling the plaintiff now appeals.

The Workmen's Compensation act declares that every contract of hiring made subsequent to the time of its going into effect shall be presumed to have been made with reference to the provisions of the act, and the parties to the contract shall be presumed to have accepted them, unless written notice to the contrary is given by one of the contracting parties to the other; and that in the employment of minors the act shall be presumed to apply, unless the written notice shall be given by or to his parent or guardian.

It can hardly be doubted that the legislature, in providing for the engrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law, or, at least, contracts the making of which was not prohibited by express legislative enactment; for it would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making.

Was, then, the contract in the present case a valid one?

A mere reference to chapter 64 of the laws of 1904 (Pamph. L., p. 152) furnishes a complete answer to this query. This act regulates the age, employment, safety and work hours of persons employed in factories, workshops, mills and all places where the manufacture of goods of any kind is carried on, and its first section is that "No child under the age of fourteen years shall be employed, allowed or permitted to work in any factory, workshop, mill or place where the manufacture of goods of any kind is carried on; any corporation, firm, individual, parent or guardian of any child who shall violate any of the provisions of this section shall be liable to a penalty of $50 for each offence." The basis of the judgment below is that there was a contract of hiring by which the plaintiff became the employe of the defendant. That there was such a contract, either express or implied, clearly appears from the facts set out in the plaintiff's complaint. That the contract was in violation of this statute, and that the making thereof was absolutely prohibited thereby,

cannot be questioned; for it will hardly do to say, as is suggested by counsel, that the employer and the parent of the minor can by joint agreement deprive the child of the protection of this statute by a payment of $50 as a penalty for a violation of its provisions. The purpose of the statute cannot be thwarted in any such way. Its primary object is the protection of children who are too young to appreciate the dangers arising out of work in places such as those described in the act. And in order to make that protection complete the legislature left no loophole for the escape from its provisions of either the employer or the parent. It says to the employer, "You shall not employ any child under the age of fourteen years in your factory; you shall not allow or permit him to work there." It says to the parent of such a child, "You shall not allow or permit your boy or girl to work in such a place until he or she has reached the age of fourteen years." Having declared this absolute prohibition, how can it logically be said that the legislature, by a subsequent enactment, recognized the right of the factory owner and the parent to disregard the mandate of this statute, and make a contract for the employment of the boy which might or might not have read into it the provisions of the Workmen's Compensation act, as the master and the parent between them should elect?

It is said that there is nothing in the complaint which shows that the contract of hiring was made by the parent on behalf of the plaintiff, and not by the plaintiff himself. It is not necessary that this should appear. Ordinarily the parent is entitled to the services of the child, and the wages earned by the child, until he reaches his majority, and so contracts for the employment of the child are presumed to be made by the parent. But in this particular case it is immaterial whether the contract was that of the parent for the child, or of the child by his own act; for the prohibition of the act of 1914 is not only against the making of contracts for the employment of minors under the age of fourteen in

factories where the manufacture of goods is carried on, but against allowing or permitting him to work in any such factory; and so a contract of hiring which by its terms proposes to violate that act, is equally invalid whether made by the parent or by the child.

We conclude, therefore, that the common law right of action of the plaintiff arising out of the facts set out in his complaint has not at all been affected by the provisions of the Workmen's Compensation act, and that, therefore, the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 16.

Submitted March 27, 1916—Decided June 19, 1916.