JAKE SECKLICH, Administrator, Appellee, v. HARRIS-EMERY
COMPANY, Appellant.

MASTER AND SERVANT: Prohibited Child Labor. The Work-
men's Compensation Act does not apply to a master who has as-
sumed to employ a child of such age that its employment is ab-
solutely prohibited. Such condition affords no possibility for

that mutual contract relation upon which said act essentially rests. (Secs. 2477-a, 2477-m, Code Supp., 1913.)

**MASTER AND SERVANT:** Child Labor—Misrepresentation of Age.
2   A master who has assumed to employ a child of such age that its employment is absolutely prohibited, may not defend an action for injury to the child arising out of and in the course of the employment, by the plea that the child *falsely misstated her age*. The master *must* know that the child is of such age that he may legally employ it.

*Appeal from Polk District Court.*—THOS. J. GUTHRIE, Judge.

NOVEMBER 16, 1918.

ACTION at law. The material facts are stated in the opinion.—*Affirmed.*

*Stipp, Perry, Bannister & Starzinger,* for appellant.

*Jordan & Jordan* and *Miller & Wallingford,* for appellee.

WEAVER, J.—Kate Secklich, a girl under 14 years of age, was employed by the defendant to perform services in its department store in the city of Des Moines. While so engaged, the girl fell into the shaft of an elevator used in the store, and was killed. This action is brought to recover damages to the estate of the deceased, on the alleged ground that the death of the intestate was caused by the negligence of the defendant. The charge of negligence includes the following specifications:

1.   Failure to provide and maintain a safe place to work.

2.   Employing a child of tender years, contrary to law, and without the consent of her parents.

3.   Failure to give the deceased proper instruction and warning.

4. Overloading the deceased with bundles and packages, thereby preventing her from seeing the danger to which she was exposed.

·5. Leaving the elevator shaft unguarded.

6. Employing an unskilled, negligent, and incompetent operator of the elevator.

To this petition the defendant demurred, on the ground that the court was without jurisdiction to hear or try this case, and that the recovery, if any, is to be had by applying for compensation under the provisions of the Workmen's Compensation Act. The demurrer was overruled, and thereupon, defendant filed an answer in which, after denying the petition generally, it admits its ownership and operation of the store above mentioned; admits that, on February 17, 1917, it employed Kate Secklich to perform services, in said store, where she remained until March 7, 1917, when she was injured. It is further alleged that, before she entered said service, the deceased applied to defendant for employment, stating and representing that she was of the age of more than 15 years; and that defendant, believing and relying upon such representation, did enter into a written agreement or promise to give her employment, and agreed to return her work permit at the expiration of such employment, in case one was issued by the proper authority. It further alleges that, having obtained the said written agreement of the defendant, the deceased went to the proper officer, who issued her a permit, allowing her to enter the defendant's employment, and stating the date of her birth to be September 1, 1901, thus making it appear that she was then more than 15 years of age; and thereafter, the defendant, in good faith, believing that the girl was more than 15 years old, and that, if injured in its service, she would accept compensation therefor according to the provisions of the Workmen's Compensation Act, did take her into its said employment. The answer further alleges that

the parents of the girl knew she was employed in defendant's store, and not until some time· after her injury did they make any claim that she was under 15 years of age, or that she had been unlawfully employed. It is ·also pleaded that defendant has at all times been, and now is, ready, able, and willing to pay and make compensation for the injury and death of Kate Secklich, according to the terms and provisions of the Compensation Act.

Plaintiff attacked the answer by motion to strike therefrom as immaterial all the matter therein alleged and pleaded, except its admission and denials of matters stated in the petition. The motion was sustained, the matter objected to was stricken from the answer, and defendant appeals.

I. If the deceased was under 14 years of age, then defendant could not lawfully take her into its employment. This we do not understand is denied by counsel. They contend, however, that, while such violation of the statute, if in fact it was violated, might render defendant liable to the prescribed penalty, it is none the less true that, whether the relation was or was not lawfully begun, defendant was, *in fact,* the girl's employer, and she was, *in fact,* its employe, and that this is sufficient to bring the case within the scope of the Compensation Act, which provides that, where not excepted by its terms, the act applies to "every employer." But this theory ignores the fundamental fact that, under the Compensation Statute, the right of the employe to exact compensation from his employer for personal injury, according to its terms, and the right of the employer to exemption from all other liability than is there provided, are, in their last analysis, a matter of contract. Neither party is bound by the terms of the contract as to compensation until he expressly or impliedly accepts its terms. The employment of a child under the prescribed minimum age being forbidden, the child cannot lawfully consent to take

employment under the statute, nor can the employer, by
such void contract, limit his liability for injury to such
child to the compensation fixed by the act, to which it was
incapable of giving consent.   This would seem to be the
necessary result, even without resort to the aid of prec-
edent; but it has already been so held by several courts.
Whether, if a child makes a claim under the Compensation
Act, the employer could successfully plead the child's non-
age in defense, we do not attempt to decide.   In New Jersey,
where the Compensation Statute is substantially like our
own, it has been ruled in accordance with the views above
expressed.   Indeed, we see no way in which the position
taken by appellant can be upheld, without destroying much
of the effective force of the statute which, out of regard for
the weakness and inexperience of childhood, forbids its
employment in certain kinds of labor.   See *Hetzel v. Was-
son Piston Ring Co.*, 89 N. J. L. 201 (98 Atl. 306) ; *Roszek
v. Bauerle & Stark Co.*, 282 Ill. 557 (118 N. E. 991) ; *Acklin
Stamping Co. v. Kutz*, (Ohio) 120 N. E. 229.

II.   Nor can the fact, if it be a fact, that the girl falsely
or mistakenly stated her age, in taking the employment,
serve as a defense to this action.   The prohibition declared
by the statute is absolute and uncondition-
2. MASTER AND
   SERVANT: child    al ; and one who employs a young person to
   labor : misrep-
   resentation of    perform a service thus regulated or forbid-
   age.
den cannot be heard to say in excuse that
he was misinformed as to the employe's age, or that he was
deceived by the apparent maturity of the person employed.
To hold otherwise would be to open the door to wholesale
violation of the statute.   The adoption of such rule would
be, in effect, to amend the statute, by reading into it the
word "knowingly," or other equivalent expression.   So far
as we have been able to ascertain from a reading of the
precedents, the overwhelming weight of authority is with
the position of appellee in this question.   *Stetz v. F. Mayer*

*B. & S. Co.,* 163 Wis. 151 (156 N. W. 971) ; *Purtell v. Philadelphia & Reading C. & I. Co.,* 256 Ill. 110 (99 N. E. 899) ; *Tulsa C. O. Co. v. Ratley,* (Okla.) 157 Pac. 1056; *Glucina v. Goss Brick Co.,* 63 Wash. 401 (115 Pac. 843) ; *Inland Steel Co. v. Yedinak,* 172 Ind. 423 (87 N. E. 229) ; *American C. & F. Co. v. Armentraut,* 214 Ill. 509 (73 N. E. 766).

This holding is in line, with the familiar cases where the courts have construed laws forbidding the sale or gift of intoxicants to minors, or the presence of minors in billiard rooms, and with other similar prohibitions in the nature of police regulations; and it is universally held that, where the regulation is unconditional, liability for its violation does not depend upon knowledge of the fact as to the age or condition of the person, or upon proof of specific intent to do an unlawful act. *Jamison v. Burton,* 43 Iowa 282; *Dudley v. Sautbine,* 49 Iowa 650; *Hammond v. King,* 137 Iowa 548, 552.

III. The cases cited by appellant to the effect that corporations are sometimes held liable for acts done or upon contracts made *ultra vires,* are not applicable here. It may also be said that the authorities are quite unanimous that, where the corporate act or contract is one which the law expressly forbids, the defense of *ultra vires* does apply with all its force. *First Nat. Bank v. Church Federation,* 129 Iowa 268; *Cedar Rapids Water Co. v. City of Cedar Rapids,* 118 Iowa 234.

Without further discussion of the authorities, it is to be said that the issue of law presented by this appeal turns upon the construction and effect to be given our own statutes, and in our judgment, the trial court's ruling is clearly in accord with the expressed legislative intent.

The printed record does not show the entry of any judgment; but, no question having been raised as to the appealable character of the ruling upon the motion to strike

parts of the answer, we treat that proposition as conceded, for the purposes of the case.

Since we find no error in the record, the ruling appealed from is—*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.