Jones, J.
 

 In view of former decisions of this court, the dates of the repeal and amendment of certain sections of the Workmen’s Compensation Law become significant and important. On April 2,1918, this court decided the case of
 
 Acklin Stamping Co.
 
 v.
 
 Kutz,
 
 98 Ohio St., 61, 120 N. E., 229, 14 A. L. R., 812. Because of the provisions in the Workmen’s Compensation Law relating to minors in effect at the time of the injury to Kutz, this court held that under 'Section 1465-61, General Code, as it then-read, a minor employed in viola
 
 *340
 
 tion of á statute for Ms protection was not an employe within the meaning of the "Workmen’s Compensation Act. The section under consideration by the court was 1465-61, General Code (103 O. L., 77), which then read:
 

 2. Every person in the service of any person, firm or private corporation, including any public service corporation employing five or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of Mre, express or implied, oral or written, including aliens, and
 
 also including minors who are legally permitted to work for hire under the latos of the
 
 state, but not including any person whose employment is but casual, or not in the usual course of trade, business, profession or occupation of his employer.”
 

 A cognate section in force at the same time, pertaining to the status of a minor, was Section 1465-93, General Code (103 O. L., 89). This section then read as follows:
 

 “ A minor working at an age legally
 
 permitted'
 
 v,nder the laws of this state,
 
 shall be deemed
 
 sui juris
 
 for the purposes of this act.”
 

 The employment and injuries to the minor in this case occurred in November, 1920. On April 17, 1919, the Legislature repealed the two quoted sections and re-enacted them in 108 Ohio Laws, 317, 324. The repealing and amended act provided in express terms that Section 1465-61, General Code, should become effective on July 1, 1920. Under the constitutional mandate, however, and not by express provision, Section 1465-93, General Code, became effective August 14, 1919. It is readily seen, therefore, that at the time the minor
 
 *341
 
 was employed and injured in the present case, the act of 1919 was in force, and radically changed the status of a minor under an employer who had complied with the provisions of the Workmen’s Compensation Act. Under the amendment (108 O. L., 317), the Legislature eliminated from Section 1465-61 the following language: Minors
 
 “who are legally permitted to work for hire under the laws of the state.”
 
 It at the same time amended Section 1465-93 (108 O. L., 324). Formerly it read that
 
 “a minor working at an age legally permitted under the laws of this
 
 state, shall be deemed
 
 sui juris
 
 for the purposes of this act.” However, at the time this injury occurred Section 1465-93, General Code, read as follows:
 
 “A minor shall be deemed sui juris for the purposes of this act.”
 
 In the 1919 enactment (108 O. L., 317, 324), the qualifying words, making only those minors “who are legally permitted to work under the laws of the state” employes and
 
 sui ju,ris,
 
 were eliminated and the minor’s status in relation to our Workmen’s Compensation Law was made similar to that of an adult person. That was evidently the legislative purpose, since the only amendments made to both sections were these eliminating the language referred to. To hold otherwise would amount to judicial legislation, and would make the re-enactment of 1919 ineffective. The decision of the
 
 Kutz case, supra,
 
 was made in April, 1918, and no doubt caused the amended act to be passed, wherein the Legislature abandoned the qualifying words referred to.
 

 As it now stands the Workmen’s Compensation Act is plain and explicit. Subdivisions 1 and 2 of Section 1465-61, General Code, provide that every
 
 *342
 
 person in the service of another employing five, or more workmen under
 
 “any
 
 contract of hire * * * including * *
 
 *
 
 minors” shall be construed to be an employe “as used in this act.” Though the employment be illegal, that section makes
 
 “any
 
 contract of hire” efficacious to sustain the relation of employe and employer under the act. Penal statutes prohibiting employment of ,minors are neither repealed nor made ineffective by the Workmen’s Compensation Act; they can still be enforced, but such statutes do not preclude the Legislature from exercising the powers, conferred on it by Section 35, Article II, of the Constitution, of defining who shall be workmen or employe. It has the power to make, as it did in above section, both minor employes and employers amenable to the provisions of the act. Furthermore, Section 1465-93, General Code, now declares that a minor shall be
 
 sui juris
 
 for the purposes of this act, and not as it did formerly, that a minor working at an age legally permitted under the laws of the state shall be deemed
 
 sui juris
 
 under the act. The Compensation Law now gives the minor the benefit of the act, and under its provisions that consideration must be given to the minor by the employer where the rate of premium depends upon the number of employes in his establishment. The decision of this court is in harmony with that in
 
 Lopez
 
 v.
 
 King Bridge Co.,
 
 108 Ohio St., 1, 140 N. E., 322, where the only distinction arises from the fact that there the minor was over 16 and under 18 years of age. The court there held that under the terms of Section 1465-93, General Code, in effect at the time of injury, such minor was
 
 sui juris;
 
 that he
 
 *343
 
 was amenable to the Workmen’s 'Compensation Law and was estopped from maintaining an action for damages after having' elected to accept compensation.
 

 The plaintiff in this case represented himself to be 17 years of age. As in the
 
 Lopez case, supra,
 
 the record discloses that he made an application for compensation to the state Industrial Commission and received an award of more than $500 for loss of time and loss of the second finger of his right hand. More than a year after the injury occurred, the director of claims of the Industrial Commission indicated that if further claim was made for loss of time, or supplemental injuries which required additional compensation, the commission, upon further proof, would taire the matter under consideration. It was' not until April 20, 1922, that the suit for damages was brought, notwithstanding the fact that plaintiff had theretofore applied for and received compensation.
 

 Under the decision in the
 
 Lopez case, supra,
 
 we are constrained to hold that the minor was an, employe
 
 sui juris,
 
 and estopped from maintaining an action for damages against an employer who had complied with the Workmen’s Compensation Act. The trial court properly sustained the motion by defendant for a directed verdict in its favor. The judgment of the Court of Appeals is reversed and that of the common pleas, affirmed.
 

 Judgment of the Court of Appeals reversed, and that of the common pleas court affirmed.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.