## ARTHUR KENEZ *vs.* NOVELTY COMPACT LEATHER COMPANY ET AL.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 23d—decided March 31st, 1930.

*Walter J. Walsh,* for the appellant (respondent insurer).

*Abraham D. Slavitt,* with whom, on the brief, was *Edward T. Buckingham,* for the appellee (respondent employer).

*Nehemiah Candee,* for the appellee (plaintiff).

MALTBIE, J. The plaintiff suffered an injury which arose out of and in the course of his employment in the factory of the respondent-employer. He was at the time between fifteen and sixteen years of age and was employed in violation of the terms of a certain statute regulating the employment of children of his age. The commissioner finds that he secured this employment by incorrectly representing his age. This finding falls far short of charging the plaintiff with a fraudulent representation; *Salt's Textile Mfg. Co.* v. *Ghent,* 107 Conn. 211, 215, 139 Atl. 694; and it is not claimed that the misrepresentation is of significance in determining his rights to compensation. See *Noreen* v. *Vogel Brothers, Inc.,* 231 N. Y. 317, 322, 132 N. E. 102; *Beauchamp* v. *Sturges & Burn Mfg. Co.,* 250 Ill. 303, 95 N. E. 204; *Secklich* v. *Harris-Emery Co.,* 184 Iowa, 1025, 1029, 169 N. W. 325; *Stetz* v. *F. Mayer Boot & Shoe Co.,* 163 Wis. 151, 156 N. W. 971; note, 23 Ann. Cas. 805. The basic question is whether or not a child employed in violation of the statute in question is within the scope of the Workmen's Compensation Act so as to be entitled to compensation under its terms.

Diligence of counsel has brought to our attention numerous decisions in other jurisdictions where simi-

lar questions have been decided. In many of the States, however, compensation laws contain provisions which make special reference to the inclusion of "minors who are legally permitted to work" or provisions of a similar tenor, and decisions construing these Acts are not of material assistance to us as regards the present controversy, because our Act has no such provision. Among the decisions cited to us, the following fall within this class: *Westerlund* v. *Kettle River Co.*, 137 Minn. 24, 162 N. W. 680; *Kruczkowski* v. *Polonia Pub. Co.*, 203 Mich. 211, 168 N. W. 932; *Roszek* v. *Bauerle & Stark Co.*, 282 Ill. 557, 118 N. E. 991; *Acklin Stamping Co.* v. *Kutz*, 98 Ohio St. 61, 120 N. E. 229: *Stetz* v. *F. Mayer Boot & Shoe Co.*, 163 Wis. 151, 156 N. W. 971; *In re Stoner*, 74 Ind. App. 324, 128 N. E. 938; *Taglinette* v. *Sydney Worsted Co.*, 42 R. I. 133, 105 Atl. 641. There are, however, a considerable number of decisions under compensation laws the material provisions of which do not differ essentially from those of our Act, where a minor employed in contravention of a statute has been denied the right to compensation. *Hetzel* v. *Wasson Piston Ring Co.*, 89 N. J. L. 201, 98 Atl. 306; *Secklich* v. *Harris-Emery Co.*, 184 Iowa, 1025, 169 N. W. 325; *Rock Island Coal Mining Co.* v. *Gilliam*, 89 Okl. 49, 213 Pac. 833; *Western Union Tel. Co.* v. *Ausbrooks*, 148 Tenn. 615, 257 S. W. 858; *Tilghman Co., Inc.* v. *Conway*, 150 Md. 525, 133 Atl. 593; *Widdoes* v. *Laub* (Del.) 129 Atl. 344. On the other hand, an opposite conclusion has been reached by courts whose decisions we also hold in high regard. *Pierce's Case* (Mass.) 166 N. E. 636; *Noreen* v. *Vogel Brothers, Inc.*, 231 N. Y. 317, 132 N. E. 102; *Rasi* v. *Howard Mfg. Co.*, 109 Wash. 524, 187 Pac. 327; *Humphrees* v. *Boxley Brothers Co.*, 146 Va. 91, 135 S. E. 890, 49 A. L. R. 1427. It is also noteworthy that in at least two in-

stances compensation laws have been amended with the evident intention upon the part of the legislature to include minors employed in violation of the law. *Mueller* v. *Eyman,* 112 Ohio St. 337, 147 N. E. 342; *Humphrees* v. *Boxley Brothers Co., supra,* p. 107. We have examined these varying opinions for the light which they shed upon our particular problem, but we must recognize that, after all, our problem is to be solved by ascertaining the legislative intent which is embodied in our own applicable statutes.

In argument before us the appellant has appealed to two statutes regulating the employment of children. One of these provides that no child under sixteen years of age shall be employed or permitted to work in operating or in assisting to operate certain designated machines. General Statutes, § 5328. This statute, however, was evidently not brought to the attention of the commissioner and upon the record we cannot say that the machine upon which the plaintiff was working comes within its terms. We must therefore disregard it. The statute upon which the appellant relied on the hearing before the commissioner is that embodied in §§ 5323 to 5325 of the General Statutes, as amended by Public Acts of 1925, Chapter 252. This provides that no child under sixteen years of age shall be employed in any mechanical, mercantile or manufacturing establishment "unless the employer of such child shall have first obtained a certificate" from certain designated school officers, showing that he is over fourteen years of age, has met certain educational requirements, and appears to be physically fit for employment. This certificate is issued in triplicate, one copy being placed on file with the State Board of Education, one copy being given to the employer, and the other evidently going to the child's parent or guardian, with a further provision that the employer may

accept the last-mentioned copy as a temporary certificate good for one week. The statute contains a penalty stated in these terms: "Every person, whether acting for himself or as an agent for another, who shall employ or shall authorize or permit to be employed any child in violation of the provisions of this act, shall be fined not more than one hundred dollars." It is further made the duty, under stated penalties, of every employer receiving such a certificate to notify the State Board of Education of the commencement or termination of any employment under the statute and to keep the certificate on file and open to inspection by the school officials.

This statute was plainly enacted for the benefit of children between fourteen and sixteen years of age, to curb the extent of their employment in labor, to assure them an opportunity to attain a certain standard of education, and to protect those not physically fit for employment. It is most significant that nowhere in it is there any suggestion of an obligation resting upon the minor who enters the employment to see that its terms are complied with, but the entire burden of securing the certificate and of the subsequent steps in relation to it is placed upon the employer, and the only penalties provided are those directed against him or such persons as may stand in his place. The child was evidently regarded by the legislature solely as the recipient of the protection afforded by the statute. Indeed, in other jurisdictions statutes designed to prevent the employment of minors in certain occupations not dissimilar in manner of expression from the one before us have been held to afford a basis of recovery by a minor injured in the course of his employment, despite the fact that he was employed in violation of their terms. Notes, 14 Ann. Cas. 123; 23 Ann. Cas. 803. It can hardly be

assumed that by giving to the child the protection of the statute the legislature intended to take from him any advantage which it extended by other statutes to employees in general.

Our Compensation Act defines an employee as "any person who has entered into or works under any contract of service or apprenticeship with an employer, whether such contract contemplated the performance of duties within or without the State," excepting, however, outworkers, casual employees and members of the employer's family; and it defines an employer as any person, firm or corporation "using the services of another for pay." General Statutes, § 5388; Public Acts of 1927, Chap. 307, § 7. The argument of those decisions which hold that under provisions similar to ours minors employed in violation of a statute are not entitled to compensation largely comes to this, that the legislature must be assumed to have intended when it speaks of a contract of service to include only legal contracts and therefore it cannot have intended to include one made in violation of a statute. The difficulty with this argument, as it seems to us, is that as regards the child the legislature very evidently did not regard him as in any sense a real wrongdoer if he entered into such a contract without there being a compliance with the statutes. It might be that the employer could get no advantage from such a contract in a court of law because he would not be permitted to set up the fact that he had acted in contravention of its mandate, but that would not necessarily prevent the child from claiming any benefit which might arise out of its terms. 3 Williston on Contracts, §§ 1630, 1631. As was said in *Pierce's Case, supra:* "As respects the rights of minors under the Act, we do not perceive any reason to differentiate between those who are lawfully employed and those employed

as a consequence of the employer's illegal conduct. In both instances the minors are free from any statutory inhibition; their contracts as to themselves are free from the taint of illegality; in each case they are entitled to similar benefits and to an equivalent amount of protection. The parties were possessed of the capacity to establish the relation of master and servant, notwithstanding the contrary obligation which the statute imposed upon the employer. The contract is not of that type which is wholly void and from which no enforceable rights can arise."

The other principal argument advanced in those opinions which deny the right of compensation to a minor employed in contravention of a statute is that, to admit him within the compensation law would be to decrease the incentive upon the employer to comply with the statute, because he would, in case of injury, be holden to no heavier a liability for an illegal than for a legal employment. We cannot admit the force of this argument. Such sanction as statutes regulating the employment of children derive from civil liability consequent upon their breach is incidental and where they make no mention of other than monetary penalties it cannot be deemed to have been greatly regarded when the statute was enacted. Before giving to this argument controlling weight the balance would have to be struck between the possibility of benefit from the employment of fewer minors in contravention of the statute and the advantages which would come from extending to those so employed the obvious and recognized benefits of the compensation law. In determining the legislative intent we cannot think that the former consideration had weight, but we believe that the extension to the child of the benefits of the Act better accords with the

broad humanitarian purpose of the law, to give certain and speedy relief to those suffering injury in industry and to those dependent upon them.

There is a further consideration growing out of the Act itself. As has been noted, in its definition of employees certain exceptions are made, particularly outworkers and casual employees. As to such persons, as well as in cases where an employer has regularly less than five employees, the initial paragraphs of the Act provide that there shall be an exception from the broad provisions abolishing the defenses of contributory negligence, negligence of fellow servants, and assumption of risk. General Statutes, §§ 5339, 5340. Whatever the legal situation with reference to the employment of a minor in contravention of the statute, he is in fact an employee, working for and under the direction of his employer. To exclude him from the Act is to make another exception from the broad definition of employee, akin to that implied in the definitions found in other Acts already referred to, and one for which no warrant is found in the words of the definition or the provisions applicable to actions at law which might be brought by those who have been specially excepted. Minors who would thus be excepted, if they brought an action at common law, would by the very terms of the Act be subject to the defenses abolished in the initial sections of the Act. Thus would be introduced into the situation a complication in the administration of the law of a master's liability to his servant which seems decidedly foreign to the simple system established by the Act and one which we cannot believe the legislature intended. We think it better accords with the express terms of the statute and with the intent of the legislature as indicated therein and in the statute regulating the employment of children which we have been con-

sidering to include within the contracts of service referred to in the definition of employee those which have been entered into by children employed in contravention of the terms of the statute.

The plaintiff being within the Compensation Act, the defendant insurance company cannot escape liability. Altogther aside from the provision of our compensation law that as between an injured employee or his dependent and the insurer every contract of insurance shall be deemed to cover the entire liability of the insured (General Statutes, § 5406), the policy before us by its express terms contains an agreement by the insurer to pay promptly to any person entitled thereto any sums due under the provisions of the Act, which are expressly incorporated in the policy. The provision upon which the company rests its claim that it is not liable is one not for the direct benefit of the employee, but of indemnity to the employer where the loss has first been fixed either by final judgment against him after trial or by agreement between the parties with the written consent of the insurer. Any limitation upon the employer's right to recover is not relevant to this proceeding, wherein an award has been made in favor of the plaintiff directly against the respondent insurer.

The Superior Court is advised that the appeal should be dismissed.

In this opinion the other judges concurred.