'HAROLD GREENBERG, P. P. A.

*vs.*

JOSEPH GIULIANO

Superior Court        New Haven County        File No. 64152

MEMORANDUM FILED FEBRUARY 9, 1944.

*Benjamin M. Chapnick,* of New Haven, for the Plaintiff.

*Daniel M. Morgan,* of New Haven, for the Defendant.

O'SULLIVAN, J.   Harold Greenberg, a boy of 15, was hired by the defendant to work at an amusement resort in Savin Rock, West Haven.   The former has brought this action to recover damages for burns he received when a flame enveloped him preparatory to his greasing a motor which he had been directed to do.

The only negligence upon which the boy predicates his right to recover rests on the violation of the statute providing that no minor under 16 years of age shall be employed or permitted to work in any mechanical industry which the parties apparently concede includes the amusement place in question.

*Knybel vs. Cramer,* 129 Conn. 439, is controlling as to this point.   Therein it was held that where a statute is designed to protect persons against injury, one who has, as a result of its violation, suffered such an injury as the statute was intended to guard against has a good ground of recovery.   In as much as the plaintiff was injured by a danger inherent in the occupa-

tion against which the statute was designed to operate, there is a direct causal connection between the injuries and the violation of the statute. And because of this, the plaintiff would be entitled to recover, were it not for a special defense upon which reliance is made.

It appears that the defendant regularly employed more than four employees at the time of the plaintiff's mishap, and his claim is that the latter's rights were fixed by the Workmen's Compensation Act. The plaintiff, however, maintains that he has an election to proceed under that Act or at common law, because of the violation on the defendant's part of the statute concerning the employment of minors.

It is settled law that a minor employed in violation of the statute regulating the employment of children under 16 years of age is entitled to compensation under the Act. *Kenez vs. Novelty Compact Leather Co.,* 111 Conn. 229. This results from the fact that he is an employee. The Act makes no distinction between those legally and those illegally employed. It covers both classifications.

Section 5226 of the General Statutes, Revision of 1930, provides that "when any persons in the mutual relation of employer and employee shall have accepted part B of this chapter, the employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment."

If a minor, illegally hired, is entitled to compensation, it is because, among other things, he is an employee. And if he is an employee, the statute denies him the right to obtain damages from his employer, provided both have accepted the Compensation Act. It follows that no election is possible for this plaintiff who was an employee of one regularly having more than four employees, and who, with the defendant, had accepted the act.

Consequently, the special defense is a bar to an otherwise good cause of action. Judgment may enter for the defendant.