[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Kevin Bates, has filed a motion for summary judgment claiming that the plaintiff was an employee of the defendant Bates at the time of his injuries and that by electing to receive workers' compensation benefits, the plaintiff is precluded under sections 31-284 and 31-291 of the General Statutes from a recovery based on negligence against his employer. The plaintiff contends that he was a minor at the time of his injury and that the defendant Bates did not have workers' compensation insurance, so that the plaintiff should not be precluded from a negligence recovery even though he received workers' compensation benefits from another source. The defendant has properly raised the claim that the plaintiff has made an election of remedies by a special defense. Grant v. Bassman, 221 Conn. 465, 472.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. To prove that there is no genuine issue as to any material fact, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434; Fogarty v. Rashaw, 193 Conn. 442,445. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578. To oppose a motion for summary judgment, there must be evidence that demonstrates the existence of some disputed factual issue. State v. Goggin, 208 Conn. 608, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12.
The material facts in this case are undisputed. The plaintiff was seventeen (17) years old when he was injured on July 14, 1986. He was employed by the defendant Bates, d/b/a Countryside Roofing, the subcontractor for roofing work on CT Page 4268 property owned by the defendant, Arlene Coyle. The general contractor, Kevin Coyle, hired Bates and his partner, John Charmoures, to perform the roofing work on the premises. The plaintiff was injured when scaffolding used on the roofing job collapsed. Bates and Charmoures did not have workers' compensation coverage, but the general contractor, Kevin Coyle, did. The plaintiff's mother initially applied for workers' compensation benefits, but the claim was approved by the Workers' Compensation Commissioner on October 2, 1987, after the plaintiff was eighteen (18) years old. He received benefits in excess of $16,000.00, none of which have been refunded. The plaintiff has not raised any other material facts.
The conclusion in the plaintiff's affidavit that he did not waive the right to bring this action is not admissible evidence at trial, does not raise an issue of fact, and does not prevent summary judgment. Farrell v. Farrell, 182 Conn. 34, 39.
Where there is no genuine issue as to any material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., supra, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, 214 Conn. 242, 247.
As a general rule, and based on section 31-284 (a) of the General Statutes, "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by" the workers' compensation statutes. The plaintiff relies on section 31-23 (c) which provides in part that "[n]o minor under the age of eighteen years shall be employed or permitted to work in any occupation which has been or shall be pronounced hazardous to health by the department of health services or pronounced hazardous in other respects by the labor department." The defendant does not contest the claim that roofing is considered a hazardous activity. The plaintiff claims that he is not precluded from bringing a common law negligence action against his former employer because (1) he was a minor at the time, and (2) his employer did not carry workers' compensation insurance. CT Page 4269
Both of these issues have been addressed and rejected in our case law, and the plaintiff has produced no decisions which indicate that combining them would create a different result. The legislature has established a comprehensive statutory scheme by the workers' compensation statutes, the result of which is that an employee surrenders the right to bring tort claims against the employer in return for the certainty of workers' compensation benefits. Panaro v. Electrolux Corporation, 208 Conn. 589, 604. The workers' compensation remedy must be accepted even when the employer is in violation of the law as to how his business is conducted. Mingachos v. CBS, Inc., 196 Conn. 91, 105, 106
(violation of state statutory regulations and OSHA regulations). The purpose of the workers' compensation statutes is to provide compensation for injuries arising out of and in the course of the employment regardless of fault. Id., 97; Klapproth v. Turner, 156 Conn. 276, 279. The situation where the subcontractor employing the claimant does not have workers' compensation insurance is covered by section 31-291 of the General Statutes, which makes the general, principal employer liable in such cases. The plaintiff received benefits based upon this statute. The fact that an injured plaintiff may have received workers' compensation benefits from a source other than his employer does not prevent the employer from invoking the exclusivity provision in section 31-284 (a) of the General Statutes, and is not a material fact which prevents summary judgment. Ray v. Schneider, 16 Conn. App. 660, 674 (benefits paid by the Second Injury Fund).
The subject of employment of minors as affecting the workers' compensation remedy has been discussed in several cases, none of which go as far as the plaintiff's claims here. The question of remedies available to illegally employed minors injured in the course of their employment is extensively discussed in Blancato v. Feldspar Corporation,203 Conn. 34, 38-41. More recently in Grant v. Bassman, supra, the Supreme Court declined, on a procedural ground, to consider whether an illegally employed minor can pursue both a workers' compensation claim and a common law cause of action. In Blancato, the court followed an earlier decision in Kenez v. Novelty Compact Leather Co., 111 Conn. 229,234, holding that a child employed in violation of a predecessor of section 31-23 of the General Statutes was still entitled to protection by the workers' compensation laws. This follows the general concept that contracts with minors are voidable rather than void, and that the minor or his legal representative has the option of avoiding or ratifying the contract. The Blancato decision recognizes CT Page 4270 that an illegally employed minor can make a workers' compensation claim and does not have to bring a common law action even though the employment contract is in violation of public policy and is considered unenforceable and void. Blancato v. Feldspar Corporation, supra, 40, 41. In such cases, the illegally employed minor can elect to avoid the employment contract and bring instead a common law tort action, an option not open to minors who are lawfully employed when they were injured. Id., 42. The illegally employed minor has the option "to avoid the legal relations created by the contract, or by ratification of the contract to extinguish the power of avoidance." Id., 41, quoting 1 Restatement (Second) Contracts, Sec. 7.
The clear import of Blancato is that the plaintiff has an election of remedies, either to affirm the illegal employment contract and accept workers' compensation benefits, or to reject it and bring a common law tort action. In this case the plaintiff accepted over $16,000.00 in compensation benefits after reaching eighteen years of age. He has not renounced the workers' compensation remedy or returned the benefits. This a clear situation of election of remedies and ratification of the illegal employment contract. As a result of the strong public policy for exclusive use of the workers' compensation remedy in employer/employee relationships despite illegal conduct by the employer, and the lack of legal precedent for the plaintiff's position, the court agrees with the defendant that section 31-284 (a) bars a negligence action in this case.
The motion for summary judgment is granted.
ROBERT A. FULLER, JUDGE