JOHN VOLPE, BY JOSEPH VOLPE, AS NEXT FRIEND, RE-SPONDENT, v. THE HAMMERSLEY MANUFACTURING COMPANY, APPELLANT.

Submitted July 11, 1921—Decided November 14, 1921.

The fact that a boy, under sixteen years of age, secures employment by presenting a certificate of being over that age, which was not in fact his certificate, does not absolve the employer from the charge of negligence in employing the child.

————

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The plaintiff, a minor under sixteen years of age, was an employe of the defendant company at its paper manufacturing plant in Garfield. While engaged at work on a large cylinder press on the evening of December 4th, 1918, at about half-past eight, the paper which was passing through the cylinders broke, and, in attempting to stop the press, his arm was caught in the flywheel and crushed. The present suit was brought to recover damages for the injury thus sustained, and the trial resulted in a verdict in his favor for $15,000.

"The plaintiff, in order to secure employment at the defendant's plant, had represented himself to be over sixteen years of age and submitted to the defendant's agent certain papers showing that he was over that age. He represented the papers to be his own, but they in fact belonged to a friend, from whom he had borrowed them for the purpose of exhibiting them to the defendant company's employing agent. That agent, believing the plaintiff's story that the papers were his and that he was over sixteen years of age, hired him; and the proofs showed that, except for the deceit practiced, the plaintiff would not have been taken into the employ of the defendant company.

"One of the contentions upon which the defendant rests its right to have the verdict set aside is that the plaintiff is estopped by his fraud from claiming that he was under the statutory age, and that, therefore, his only remedy [if he has one] is that provided by the Workmen's Compensation act; but this contention has been settled adversely to the defendant by the cases of *Feir* v. *Weil*, 92 *N. J. L.* 610, and *Leskow* v. *Liondale Bleach, &c., Works*, 93 *Id.* 4.

"It is further contended that the verdict is against the weight of the evidence, for the reason that the proofs disclose almost conclusively that the plaintiff was guilty of contributory negligence; but this contention also is in the face of the decisions just referred to. The legislature has by inference declared that children who are too young to be put at work in factories, upon machines like that upon which plaintiff was working, cannot be guilty of contributory negligence, nor can they be held to have assumed the risks of the work.

"Lastly, it is urged that the verdict is excessive, and a careful consideration of the testimony leads us to the conclusion that this claim is justified. If the plaintiff will consent to reduce the verdict to $10,000, he may enter judgment for that amount; otherwise the rule to show cause will be made absolute."

For the appellant. *Clarence B. Tippett.*

For the respondent, *Robert H. Doherty.*

The opinion of the court was delivered by

SWAYZE, J. The facts are stated by the Supreme Court. Most of the questions presented by the case are sufficiently dealt with in the opinion. It seems desirable to add a few words in view of the arguments presented in this court. Counsel thinks that the defendant is absolved as a matter of law from the charge of negligence in employing plaintiff because the plaintiff produced a proper certificate of age. This argument assumes that the defendant was justified in accepting the certificate itself as conclusive proof without any inquiry as to the identity of the plaintiff with the person named in the certificate. If the same argument were made to exculpate a paying teller of a bank for cashing a check without any further proof than the mere name, of the identity of the payee with the person presenting the check, the fallacy of the argument would be obvious. If less care is required in employing children below the prohibited age in a factory, it must be because reasonably prudent men accept the certificate of age without identification; but that is a question of fact to be decided by the jury. No request or exception raises a question; the only grounds of appeal are the refusal to non-suit and the refusal to direct a verdict. Even those are not the proper grounds in this court after the judgment of the Supreme Court.

We are unable to agree with the suggestion that the acceptance of sums of money from time to time (which may have been the amount that would have been due under the Work-

men's Compensation act if that had been applicable) estops the plaintiff from collecting damages on his common law right of action. The doctrine of estoppel if otherwise applicable ought not to be so applied as to make it possible for the parties to override the legislative policy. *Feir* v. *Weil*, 92 *N. J. L.* 610.

If the plaintiff has obtained money under false pretenses the defendant can recover it in a proper action. The judgment of the Supreme Court in this case is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   15.

*For reversal*—None.