JAMES T. BOYLE, JR., BY NEXT FRIEND, APPELLANT, v. JACOB VAN SPLINTER ET AL., PARTNERS, ETC., RESPONDENTS.

Submitted November 7, 1924—Decided January 19, 1925.

1. In a proceeding before a statutory tribunal, such as a workmen's compensation bureau, it must be shown that the bureau, in awarding compensation to an injured employe, had jurisdiction over the subject-matter. The existence of the jurisdictional facts may be contained in a recital of the finding of facts in the adjudication by the bureau, or in case the judgment contains no such recital, may be shown by evidence of such findings *aliunde* the record.

2. An award of compensation by the workmen's compensation bureau will not be a bar to an action at law by an injured employe, if his employment was, at the time of the accident, prohibited by statute.

On appeal from the Supreme Court.

For the appellant, *Harry M. Weinberger.*

For the respondents, *William V. Rosenkrans.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by the plaintiff, a boy fourteen years of age, to recover compensation for injuries received by him on August 14th, 1918, while employed in the mercantile establishment of the defendants in the city of Passaic, where they were carrying on the wet laundry business. The averment of the complaint is that the injuries were received by the plaintiff while he was engaged in operating a machine known as an extractor, and upon which he had been put to work by the defendants, and that such operation involved danger to a boy of his years. The defendants in their answer deny that the operation of this machine was within the scope of the plaintiff's employment; they further deny that he was injured while at work

upon it, and aver that the injuries complained of resulted from his wrongful interference with the operation of one of the machines in their plant. They also set up as a bar to the present suit that the plaintiff, some two years before its institution, applied, through his father, as next friend, to the workmen's compensation bureau for the recovery of compensation for his injuries under the provisions of the Workmen's Compensation act; that a hearing was had before the bureau; that judgment was rendered in his favor against the defendants, the amount of his recovery being fixed and an allowance for future payments being made, and that this judgment was subsequently filed in the office of the clerk of the county of Passaic, and, by force of the statute, it became a judgment of the Court of Common Pleas of that county, and that the mandate thereof had been complied with by the defendants. The plaintiff in his replication admitted the action by the workmen's compensation bureau, but averred that the bureau was without jurisdiction to consider the matter before it, and that its judgment therefore was a nullity.

The case was tried before the court without a jury, and resulted in a finding that the judgment of the workmen's compensation bureau was a bar to the prosecution of the present suit, and, as a result of that finding, judgment was directed in favor of the defendants. The plaintiff appeals.

Section 5 of the act entitled, "An act regulating the age, employment, safety, health and working hours of persons, employes and operatives in mercantile establishments," approved April 7th, 1911, as amended March 4th, 1918 (*Pamph. L., p.* 748), prohibits the employment of a child under the age of sixteen years in any mercantile establishment, when such employment is detrimental to the health or is dangerous to life and limb of a child of that age. This amendment was in force at the time of the happening of the accident. If it be true, therefore, as averred in the complaint, that the plaintiff was injured while employed upon a machine, the operation of which was dangerous to life or limb, such employment being in direct violation of the pro-

hibition of the statute, the workmen's compensation bureau had no jurisdiction to pass upon the question of the compensation to be paid to him for the injuries received. For it is only in those cases where the contract of hiring is valid that the Workmen's Compensation act is applicable. Contracts which are prohibited by express legislative enactments do not come within the cognizance of the bureau. *Hetzel, Jr.,* v. *Wasson Piston Ring Co.,* 89 *N. J. L.* 201; *Schwartz* v. *Argo Mills,* 92 *Id.* 433; *Feir* v. *Weil, Id.* 610; *Dillon* v. *Heller, Brothers,* 99 *Id.* 68. If, on the other hand, he was not engaged in work prohibited by the statute, but was injured in the way set up in the defendant's answer, then the bureau had jurisdiction. The question of the existence or non-existence of jurisdiction, consequently, was a primary one, to be determined by the bureau before it entered upon a consideration of the plaintiff's application. There is nothing, however, contained in the state of the case sent up with this appeal which discloses whether the bureau considered and decided this fundamental question, or whether there was any proof before it upon which to base such a decision, *i. e.,* proof bearing upon the character of the plaintiff's employment at the time of the happening of the accident. Whether or not therefore the plaintiff's claim was one within the jurisdiction of the bureau, was necessarily left undetermined by the trial court, and whether or not the present litigation can be maintained depended upon the existence *vel non* of that undetermined factor. The judgment under review therefore cannot be supported, in the absence of anything determinative of the question whether or not the action of the bureau was *coram non judice.*

We may add that, instead of assuming the existence of jurisdiction on the part of the bureau, the trial court should have required proof on the part of the defendants, not only of the action of the bureau in awarding compensation, but also of its jurisdiction over the subject-matter. Such proof would be furnished by producing the record of the judgment of the bureau containing a recital of its findings of the facts upon which its right to adjudicate depended, or, in case

the judgment contained no such recital, by evidence of such findings *aliunde* the record. This latter class of evidence would be required in the absence of a recital in the judgment ·of the finding of jurisdictional facts, for the reason that in proceedings before a statutory tribunal like the workmen's compensation bureau jurisdictional facts will not be presumed to have been shown to exist in the absence of such recital. *Plume* v. *Howard Savings Institution,* 46 *N. J. L.* 211, 229. If it had appeared that the undisputed facts laid before the bureau showed the existence of jurisdiction, or if the facts were in dispute, and the bureau, after a consideration of the evidence, found the facts that vested jurisdiction in it, then its judgment is a bar to the prosecution of the present suit.

If, on the other hand, it had appeared that no jurisdictional facts were proved before the bureau, or that they were in dispute and were not determined by the bureau, then the question whether the judgment of that tribunal was a bar to the present suit, would depend on the conditions under which the injuries, which are the subject-matter of this present suit, were, in fact, received—that is, if the proofs should show that the injuries were received by the plaintiff while engaged in work prohibited by the Mercantile act, then the judgment of the bureau would be no bar to the further prosecution of this present suit. But if they should show that he was not so engaged, but was employed in work not prohibited by the statute, then the judgment of the compensation bureau would be a bar.

Our conclusion is that the judgment under review should be reversed and the case remitted to the Supreme Court, to be tried along the lines herein indicated.

*For affirmance*—LLOYD, VAN BUSKIRK, KAYS, JJ.   3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, WHITE, CLARK, McGLENNON, JJ.   11.