## WILLIAM B. TILGHMAN COMPANY, Incorporated, *v.* HARRY L. CONWAY.

*Workmen's Compensation—Illegal Employment—Child Labor Law.*

No award of compensation under the Workmen's Compensation Act is allowable for injuries to a minor employed in violation of the Child Labor Law.          pp. 529-537

An employee, upon denial of his claim under the Workmen's Compensation Act by reason of his employment in violation of the Child Labor Law, may bring an action on account of his injuries at common law, in which the defendant employer may assert the common law defenses of assumption of risk, fellow servant, and contributory negligence.          pp. 537, 538

In an action for personal injuries, plaintiff, a minor, could show that previously his eyesight was such that he could attend school, while after the accident he could not do so owing to the resulting injury to his eye.          p. 538

In an action by an employee against his employer on account of personal injuries, after his claim under the Workmen's Compensation Act had been disallowed because his employment

was in violation of the Child Labor Law, the ordinary measure of damages in a common law action for negligence was applicable.                                                            p. 538

In an action by one employed in violation of the Child Labor Law, against his employer, on account of personal injuries, a count of the declaration not alleging negligence on the part of defendant or its servants, but merely alleging the employment, plaintiff's age, the accident, insurance by defendant in the State Accident Fund, and rescission by the State Industrial Accident Commission of its order allowing compensation, is demurrable.                                              pp. 528, 539

*Decided April 15th, 1926.*

Appeal from the Circuit Court for Wicomico County (BAILEY and DUER, JJ.).

Action by Harry L. Conway, by Henry L. Conway, his father and next friend, against the William B. Tilghman Company, Incorporated. From a judgment for plaintiff, defendant appeals. *Reversed.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*F. Leonard Wailes* and *Stanley G. Robins,* with whom were *Ellegood, Freeny & Wailes* on the brief, for the appellant.

*Levin C. Bailey,* with whom were *Alexander M. Jackson* and *Miles, Bailey & Miles* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

The appeal in this case is from a judgment of the Circuit Court for Wicomico County in favor of the appellee (plaintiff below) upon a verdict of a jury in that court. The plaintiff, Harry L. Conway, was an employee of the appellant (defendant below), William B. Tilghman Company, Incorporated, a corporation engaged in the manufacture of fer-

tilizer. The plaintiff was employed about July 1st, 1923, at which time he was under fourteen years of age. On August 15th, 1923, being then slightly above the age of fourteen, he was injured in the course of his employment by being struck by a piece of two-by-four timber which hit him in the eye, breaking his glasses and causing an injury which resulted in total blindness of his right eye. At the time of the accident he was assisting other employees of the appellant in demolishing a building. Other employees of the defendant were engaged in taking boards from the top and sides of the building and sliding them down to the ground. One of these boards, in falling from the building or being thrown down, hit the two-by-four which was on the ground, causing the same to fly up and hit the plaintiff in the eye. The record discloses that at the time of the accident the plaintiff was over fourteen years of age and under sixteen, and did not have an employment certificate. The appellant had complied with the provisions of article 101 of the Code of Public General Laws, known as the Workmen's Compensation Article, by providing insurance in the State Accident Fund. Shortly after the accident application was made to the State Industrial Accident Commission for an award of compensation, and upon this application compensation was awarded by that board on September 22nd, 1923. After paying compensation for a number of weeks, the Industrial Accident Commission sent the following letter to the plaintiff:

"STATE INDUSTRIAL ACCIDENT COMMISSION,
741 Equitable Building,
Baltimore, Md.
RESCINDED AND ANNULLED COMPENSATION DISALLOWED.
Bureau of Claims.
Claim No. 61,749.
Employee: Harry L. Conway.
Employer: W. B. Tilghman Co.
Insurer: The State Accident Fund.
"It has been brought to the attention of the Commission that the claimant in the above entitled case

was under sixteen years of age at the time of injury and was not legally employed therefore. The former order passed in this case on September 22, 1923, will, therefore, be rescinded and annulled and compensation disallowed.

"It is, therefore, this 22nd day of November, 1923, by the State Industrial Accident Commission, Ordered that the order of September 22nd, 1923, passed in this case be and the same is hereby rescinded and annulled, and in lieu thereof it is hereby ordered that the claim of Harry L. Conway filed in this case against W. B. Tilghman Co., employer, and State Accident Fund, insurer, be and the same is hereby disallowed."

Subsequent to the receipt of this letter the appellee instituted suit for the recovery of damages for the injury sustained. The declaration as amended contained two counts. The first of these counts was predicated upon the theory that the plaintiff was illegally employed by the defendant, and therefore was not entitled to be awarded compensation as provided for by the Workmen's Compensation Law, but that nevertheless he was entitled to maintain an action at law against the defendant for damages, in which suit the common law defenses were not available to the defendant. In this count there is no allegation of negligence on the part of the defendant or its servants, but simply an allegation of the employment, the age of the plaintiff, the accident, the insurance by the defendant, and the rescission by the State Industrial Accident Commission of the order allowing compensation. The second count of the declaration constitutes a common law action for damages due to the negligence of the defendant or its servants. The defendant demurred to the declaration and each count thereof, which demurrer was overruled. Subsequently the defendant filed six pleas, to the first and fourth of which pleas the plaintiff demurred, and the demurrer being sustained, the defendant filed an additional plea, which was likewise demurred to and the demurrer sustained. Issue was then joined upon the defend-

ant's second, third, fifth and sixth pleas, and trial proceeded with. During the course of the trial there were thirteen exceptions reserved by the defendant, twelve being to the action of the court in its rulings upon the evidence, and the thirteenth to the ruling on the prayers.

The important questions presented by this appeal are:

First. Do the provisions of article 101, the Workmen's Compensation Law, apply to minor employees, where such employment is illegal, being prohibited by the provisions of article 100 of the Code of Public General Laws, commonly referred to as the Child Labor Law?

Second. If the provisions of the Workmen's Compensation Law do not apply to minors illegally employed, can such a minor bring a common law action against his employer for damages caused by an injury due to the negligence of the employer, its servants or agents?

Third. If such an action can be maintained, can the defendant plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee?

We will consider these questions in the order named. As to the first, we have been referred to no case in this Court, and we have been unable to find one, in which this question has been passed upon. Article 101 (Workmen's Compensation), sec. 14, provides:

> "Every employer subject to the provisions of this article, shall pay or provide as required herein compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment without regard to fault as a cause of such injury, except where the injury is occasioned by the wilful intention of the injured employee to bring about the injury or death of himself or of another, or where the injury results solely from the intoxication of the injured employee while on duty. * * *

"The liability prescribed by the last preceding paragraph shall be exclusive, except that if an employer fails to secure the payment of compensation for his injured employees and their dependents as provided in this article, an injured employee or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this article, or to maintain an action in the Courts for damages on account of such injury; and in such an action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee. * * *

Section 33 of the same article provides:

"Any employer, his employee or employees engaged in works not extra-hazardous within the meaning of this article may, by their joint election, filed with the Commission, accept the provisions of this article and such acceptance when approved by the Commission, shall subject them to the provisions of this article to all intents and purposes as if they had been originally included in its terms.

"Any workman of the age of 16 years and upwards may himself exercise the election hereby authorized. The right of election hereby authorized shall be exercised on behalf of any workman under the age of sixteen years by his parent or guardian. Nothing herein shall be construed to apply to workmen of less than the minimum age prescribed by law for the employment of minors in the occupation in which such workmen shall be engaged. * * *"

Section 48 provides:

"A minor working at an age legally permitted under the laws of this State shall be deemed *sui juris* for the purposes of this article, and no other person shall have any cause of action or right to compensation for any injury to such minor employee unless otherwise herein provided."

The Child Labor Law, Code, art. 100, sec. 4, provides:

"No child under fourteen years of age shall be employed, permitted or suffered to work in, about, or in connection with any mill, factory, workshop, mechanical establishment, tenement house, manufactory or workshop, * * *."

Section 10 of the same article provides:

"No child under sixteen years of age shall be employed, permitted or suffered to work in, about or in connection with any establishment or occupation named in sections 4 and 5 unless the person, firm or corporation employing such child procures and keeps on file, and accessible to any attendance officer, inspector of factories, or other authorized inspector or officer charged with the enforcement of this sub-title, the employment certificate as hereinafter provided, issued to said child; and unless such employment, permission or sufferance to work in, about or in connection with said establishments or occupations shall be in accordance with the terms and regulations laid down for said employment certificates as hereinafter provided."

The law then provides that an employment certificate shall be issued in Baltimore City only by the commissioner of labor statistics, and in the counties by said commissioner or by the county superintendent of schools of the county in which said child resides or by some person designated in writing by said superintendent.

In this case the plaintiff was employed, permitted or suffered to work in, about or in connection with a factory, the employment having taken place at a time when the plaintiff was under fourteen years of age. The accident occurred while the plaintiff was employed in such occupation after he was fourteen years of age and under sixteen years of age, and no employment certificate was ever obtained. The result of a condition in which a child between the ages of fourteen and sixteen is employed or suffered to work

in a factory without an employment certificate, is the same as if the child was under the age of fourteen. In both of such cases the employment is illegal, being specifically prohibited by those sections of article 100 of the Code above quoted. It being thus seen that the employment is illegal and prohibited by positive law, do the provisions of the Workmen's Compensation Law embrace and apply to such persons? We think not. The preamble to chapter 800 of the Acts of 1914, now codified as article 101, states the reasons which impelled the enactment of that legislation; and after setting forth that the State recognizes that the prosecution of various industrial enterprises which must be relied upon to create and preserve the wealth and prosperity of the State involves injury to large numbers of workmen, resulting in their partial or total incapacity or death, and that under the rules of the common law and the provisions of the statutes now in force an unequal burden is cast upon its citizens, and that in determining the responsibility of the employer on account of injuries sustained by his workmen, great and unnecessary cost is now incurred in litigation, and the State and its taxpayers are subjected to a heavy burden in providing care and support for such injured workmen and their dependents, and that the common law system governing the remedy of workmen against employers for injuries received in extra-hazardous work is inconsistent with modern industrial conditions, it then declares:

"The State of Maryland, exercising herein its police and sovereign power, declares that all phases of extra-hazardous employment be, and they are hereby withdrawn from private controversy, and sure and certain relief for workmen injured in extra-hazardous employments and their families and dependents are hereby provided for, regardless of question of fault and to the exclusion of every other remedy, except as provided in this act."

This declaration of the purpose and intention of the Legislature is comprehensive, and if considered by itself,

without relation to any other statutory law, would be broad
enough to include all employers and employees engaged in
what are designated as extra-hazardous businesses or occu-
pations.  This legislation, however, must be construed with
reference to other existing statutes, and such interpretation
put upon it as will harmonize with and give force to not
only the Workmen's Compensation Law but the Child Labor
Law as well.  It could not have been the intention of the
Legislature to include within the provisions of the Work-
men's Compensation Law those persons who by the Child
Labor Law were forbidden from engaging in certain em-
ployments and were prohibited from being employed except
when conditions, specifically set forth, had been complied
with.  In other words, the legislative branch of the State
could not have intended by one law to prohibit the employ-
ment of minors, and by another law provide for compensa-
tion to such minors injured while engaged in the prohibited
employment or occupation.  This view is strengthened by a
consideration of section 33 of article 101, above quoted,
wherein it is provided that nothing herein shall be construed
to apply to workmen of less than the minimum age pre-
scribed by law for the employment of minors in the occupa-
tion in which such workmen shall be engaged; and while
this language is used in connection with the section which
deals with an election by the employer and employee as to
accepting the provisions of this article in occupations or
businesses not extra-hazardous, nevertheless it provides that
no workman of less than the minimum age can make an
election to come under the provisions of the article, and
indicates that the Legislature had in mind the provisions
of the Child Labor Law and did not intend to affect its
provisions by the enactment of the Workmen's Compensa-
tion Law.  The same purpose is indicated in section 48 of
the Workmen's Compensation article, wherein it is provided
that a minor working at an age legally permitted under the
laws of this State shall be deemed *sui juris* for the purposes
of this article; again showing an intention not to embrace

within the provisions of the Workmen's Compensation Law persons who are not permitted to work under the laws of this State.

We find that the State Industrial Accident Commission, the body charged with the administration of the Workmen's Compensation Law, has uniformly held, as they did in this case, that a minor prohibited by the Child Labor Law from being employed is excluded from the provisions of the Workmen's Compensation Law.

In the case of *Imbrognio v. State Industrial Accident Commission,* in the Circuit Court for Allegany County, Judge Henderson of that court passed upon this question, and in an exhaustive and able opinion, reported in the 4th volume of the *Official Opinions of the Attorney General,* at page 186, decided that minors whose employment was prohibited by the Child Labor Law were not embraced within the provisions of the Workmen's Compensation. In the course of his opinion the learned judge said:

"The first question, therefore, is this—Does the State Industrial Accident Law, by the broad language of its preamble and by the language in section 14, make it applicable to cases where the employment is illegal under the Child Labor Law? Upon general principles it would seem to be clear that the only relations covered by the act are those which are legal and authorized. The State can hardly be said to have provided for a large class of cases which it has said must not be permitted to exist. If it be true that equity regards that as done which ought to be done, is it not fair to hold that the law will not contemplate, as subjects for remedial legislation, those relations which it has said can not come into existence without crime? A contrary construction would seriously weaken the Child Labor Law. It seems, therefore, much more likely that the Legislature, when it used the broad language of the preamble and of section 14, meant all phases of extra-hazardous employments permitted by law to be created. This construction, besides being in accord, as I think, with right reason, has been sanctioned by

authority. In *Hetzel v. Wasson Piston Ring Co.* (N. J., 98 Atl. 306), L. R. A. 1917-D, 75, quoted by the Commission, Judge Gummere, in a well-reasoned opinion puts the matter very forcibly and conclusively, and I am constrained to follow his lead, only refraining from quoting at large from him because of the space it would take. From his statement the language of the act he was construing was as broad in its claim of jurisdiction as is ours. See also the *Corpus Juris* article on Workmen's Compensation Acts, sec. 40, and *Sletz v. F. Mayer & Co.* (Wis.), 156 N. W. 971.

"Another consideration brings me to the same conclusion. The law provides for a system of insurance, and of premiums based on the wages paid and the probability of loss. Now how could an insurance company, by any actuarial system, compute its probable losses, if it did not know what the conditions of employment would be? It is in the nature of things likely that the probability of accident will be increased in proportion to the immaturity and inexperience of the workmen, but if no limit of age is assigned for employees in hazardous work, no intelligent forecast can be made of the likelihood of accident. But given the limits of age of the Child Labor Law, statistics are easily available from which the insurer can properly protect himself. It can not be thought that his policy is intended to cover contracts prohibited and made criminal by law.

"It seems to me, therefore, that the whole scope of the law is modified or properly interpreted by other statutes existing at the time of its passage and that all must be read together."

In *Boyle v. Van Splinter* (N. J.), 127 Atl. 257, it is said: "If it be true, therefore, as averred in the complaint, that the plaintiff was injured while employed upon a machine, the operation of which was dangrous to life or limb, such employment being in direct violation of the prohibition of the statute, the Workmen's Compensation Bureau had no jurisdiction to pass upon the question of the compensation to be paid to him for the injuries received, for it is only

in those cases where the contract of hiring is valid that the Workmen's Compensation Act is applicable. Contracts which are prohibited by express legislative enactment do not come within the cognizance of the bureau." Citing in support of that statement: *Hetzel v. Wasson Piston Ring Co., supra; Schwartz v. Argo Mills,* 92 N. J. Law, 433; *Feir v. Weil,* 92 N. J. Law, 610; *Dillon v. Heller Brothers,* 99 N. J. Law, 68.

In the case of *Widdoes v. Laub,* Superior Court of Delaware, 129 Atl. 344, it is said: "Now it seems to us that it . must be apparent that a child under fourteen years of age cannot lawfully assent to be bound by the provisions of the Workmen's Compensation Law nor can anyone do this for him, for the employment of such a child is expressly unlawful. If it be also true, as we believe it is, that there is no distinction in this respect between a minor under fourteen, and one between fourteen and sixteen for whom no employment certificate had been obtained as in the matter here pending, it must necessarily follow that in this case there was no lawful assent to be bound by the terms of the Compensation Act. There was no lawful contract covering compensation for injuries. * * * It seems incredible that one act should be interpreted as the solemn commandment that the children of designated ages should not be employed and the other should be construed as providing compensation to the prohibited class. This view seems sound in principle and assuredly is amply supported by authority." The court then cites in support of this view cases from Ohio, Indiana, Iowa, New Jersey, Michigan, Oklahoma and Tennessee; and many other cases which might be added are collected in the annotations in 14 A. L. R. 818, 33 A. L. R. 337, 6 N. C. C. A. 763, 11 N. C. C. A. 599, 15 N. C. C. A. 720, 16 N. C. C. A. 1063, 17 N. C. C. A. 607, 19 N. C. C. A. 968, and L. R. A. 1918 F, 207.

It will thus be seem that the great weight of authority is in support of the view expressed in the authorities quoted. The only two states in which the courts have expressed a con-

trary view are those of New York and Washington. After an examination of those cases, we are of the opinion that the better reasoning compels us to hold that children prohibited from being employed by the Child Labor Law of this State are not embraced within the provisions of the Workmen's Compensation Law.

It is contended by the appellant that the plaintiff, having made his election to apply for compensation, could not thereafter bring this suit at common law. This contention is not sound. Section 14 of article 101 provides that in case the employer fails to secure the payment of compensation as provided in this article, the injured party, or his dependents in case of death, may at his option elect to claim compensation or maintain an action at common law. This section is applicable to those employees who come under the provisions of the act, and in such a case, upon failure of the employer to secure compensation, the injured party may elect to be awarded compensation or sue at common law, and having made his election, he is bound thereby, and is not permitted to resort to both remedies. But in the present case the plaintiff here has made no election, for the reason that he could not make an election, not coming under the provisions of the Workmen's Compensation Law. It therefore follows that he is at liberty, upon the Industrial Accident Commission's decision that he was not entitled to compensation because of his being outside of the provisions of the act, to bring this action at common law. Upon bringing the action at law, and not being embraced within the provisions of the Workmen's Compensation Law, he cannot avail himself of any of the provisions of that law; and therefore the defendant in this action is entitled to plead and set up the common law defenses of assumption of risk, fellow servant, and contributory negligence. In other words, the plaintiff and defendant in this case have the same rights and remedies as they would have had in case the Workmen's Compensation article had never been enacted. It follows from what we have said that in our opinion the plaintiff in this case is not embraced within the provisions of the Workmen's Compensa-

tion Law; that he has the right to bring an action at common
law for damages for the injury sustained, and that in such
action he may be met by the common law defenses to such
an action.

As the case will have to be reversed and a new trial award-
ed, we will pass upon the exceptions to the testimony.   In
the view which we have taken of the case, and the opinion
herein expressed, the issues to which was directed the testi-
mony embraced in the first, ninth, tenth, eleventh, and
twelfth exceptions will not be present in the second trial,
and therefore it is unnecessary for us to pass upon these ex-
ceptions.   The questions and answers forming the basis of
the second, third, fourth, fifth, sixth, seventh, and eighth
exceptions all relate to the extent of the injury sustained by
the plaintiff, in attempting to show that before the injury
his eyesight was such as enabled him to attend school, and
that after the accident he was unable to do so because of the
injury to his eye.   We think that these questions were proper,
as indicating the extent of the injury and the damage suf-
fered by the plaintiff, and that the rulings of the lower court
in overruling the objections were correct.

The thirteenth exception is to the action of the court in
granting certain prayers of the plaintiff and rejecting those
of the defendant, with the exception of the defendant's third
prayer, which was amended by the court.   As this case was
tried below upon an erroneous theory, that the plaintiff's
case was governed by the Workmen's Compensation Law, as
to some of its provisions, and at the same time was exempted
from other provisions of that law, all of the prayers, both
of the plaintiff and defendant, with the exception of the
plaintiff's eighth prayer, relative to the measure of damages,
and the defendant's sixth prayer in reference to the doctrine
of fellow servant, are improper, for the reason that they
are not applicable to a common law action for injuries caused
by negligence.   The plaintiff's eighth prayer is a correct
statement of the measure of damages in a common law action
for negligence.   The defendant's sixth prayer correctly states

an abstract proposition of law, and it is urged by the appellant that this prayer should have been granted, for the reason that the undisputed evidence showed that the injury was caused by the negligence of a fellow servant. If the case had been tried upon the correct theory of law, the testimony relative to the alleged negligence of a fellow servant might have been different, and we therefore think that the case should be sent back for a new trial. From what we have said it follows that the defendant's demurrer to the first count of the declaration should have been sustained, and that the court erred in granting the plaintiff's first, sixth, seventh and eighth prayers.

> *Judgment reversed, and new trial awarded,*
> *with costs to the appellant.*

URNER and OFFUTT, JJ., dissent.