NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

NETTI MAURELLO, PETITIONER, v. JAMES Z. MAURELLO, RESPONDENT.

For the petitioner, *Harry Joelson.*

For the respondent, *Harley, Cox & Walburg* (*Arthur F. Mead,* of counsel).

\*　　\*　.　　\*　　　\*　　　\*　　　\*˙　　\*

Upon the pleading, the testimony adduced, and the stipulations of the attorneys made in open court, the following facts appear: On January 7th, 1931, Netti Maurello, the petitioner, was engaged as a buyer and saleslady in Jimmy's Department Store, located at 67 Main street, Paterson, New Jersey, which store was owned and operated by the respondent, James Z. Maurello, her husband. She received for her services a salary of $30 per week. On January 7th, 1931, at or about five P. M., while in the performance of her duties as a saleslady, she fell from a platform injuring her right leg. It is for this injury that the present compensation proceeding is brought.

The question to be determined is whether or not the petitioner, being the wife of the respondent, is entitled to recover compensation from him under the Workmen's Compensation act.

It is a cardinal principle that a Workmen's Compensation act, being a remedial statute, must be construed liberally in order to carry out its beneficent purposes; however, in order for one to recover compensation, it must first appear that there is a contract of employment, a legal and enforceable contract.

In the case of *Boyle* v. *Van Splinter,* 101 *N. J. L.* 89; 127 *Atl. Rep.* 257, Chief Justice Gummere, speaking for the Court of Errors and Appeals, stated: "It is only in those cases where the contract of hire is valid that the Workmen's Compensation act is applicable."

Plainly, a wife working for her husband does not come within the purview of the Workmen's Compensation act. Obviously, one cannot be employed without a contract of hire. Employment presupposes a contractual relationship. A married woman cannot make a contract of employment, either express or implied, with her husband.

It is elementary in law that a married woman owes her services to her husband, while there is a corresponding duty upon her husband to afford her proper maintenance. Surely, a married woman acting as a housewife could not entertain a claim for compensation against her husband if she was injured in the performance of her house work. How, then, can a recovery be had under the Compensation act where a married woman, while rendering services to her husband in his business, becomes injured?

Compensation benefits are rights which arise out of the contract of employment itself. They are terms which the law reads into such contracts of employment and become part and parcel of each contract of employment. In the instant case, if there were no valid contract of employment existing between the petitioner and the respondent, surely there can be no compensation rights inuring therefrom to her.

There is a case in Massachusetts where the Supreme Court, in the Humphreys case, laid down the rule that a married woman cannot make a contract of employment with her husband, and consequently, cannot recover in a compensation proceeding where she suffers an industrial accident while working for him.

Petition dismissed.

JOHN J. STAHL,
*Deputy Commissioner.*