RAYMOND HULING, *p.a.* *vs.* WARREN B. FINN.

JANUARY 15, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

CAPOTOSTO, J.   This is an action of trespass on the case for negligence, brought by the plaintiff, a minor, by his mother as next friend. He seeks to recover damages for injuries which he received in a collision between defendant's motor truck and a railroad train at a grade crossing in the town of East Greenwich on September 10, 1935.

The case was tried before a jury in the superior court, and the trial resulted in a verdict for the plaintiff for $11,000. Thereafter, the trial justice refused to grant unconditionally the defendant's motion for a new trial, but did grant such motion unless the plaintiff remitted all of the verdict in excess of $8000. Plaintiff duly filed such remittitur and the defendant thereupon filed his bill of exceptions to this court.

Under one of his exceptions the defendant contends that it was error to overrule the demurrer to the declaration. The declaration, in substance, alleges that the plaintiff was fifteen years old at the time of the accident; that, in violation of general laws 1923, chapter 85, as amended, he was employed by the defendant without the latter having obtained from him an age and employment certificate for a minor under sixteen years of age; that, being so employed, he was working as a helper and was riding on a truck of the defendant at the time in question; that the truck was then engaged in the defendant's business and was being driven by a servant of the defendant; that the plaintiff was at all times in the exercise of due care; but that the driver of the truck negligently drove across a railroad grade crossing, with the result that the truck was struck by a train and plaintiff was severely injured.

The declaration further sets forth that the plaintiff did "not come within the purview of the Workmen's Compensation Act then in force in the State of Rhode Island, by reason of the facts stated aforesaid." The three counts of the dec-

laration differ only in the specification of the negligence relied upon in each count, that is, failure to stop, to look, and to listen before going upon the railroad tracks at the grade crossing.

The defendant demurred to the declaration: "First: Because it appears in each count that the alleged negligence was the negligence of a fellow servant. Second: Because each count fails to state a cause of action."

The statute mentioned in the declaration, which the defendant is alleged to have violated, provided that: "No child under sixteen years of age shall be employed or permitted or suffered to work in any factory or manufacturing or business establishment unless said person, firm or corporation employing him or her shall have in his, their or its possession an age and employment certificate, given by or under the direction of the school committee of the city or town in which said child resides." A violation of this statute is made a criminal offense punishable by heavy fine.

Defendant's demurrer raises the question whether, at the time of the accident, the plaintiff was a fellow servant of the truck driver within contemplation of law. We are clearly of the opinion that he was not. The contract of employment between the plaintiff and the defendant was absolutely prohibited as a criminal offense by the provisions of said chap. 85. In employing the plaintiff without first obtaining from him the age and employment certificate demanded by that statute, the defendant committed an illegal act, which will not support a lawful contract of employment. In the circumstances, the defendant, as employer, cannot take advantage of and be shielded by an unlawful contract of employment with the plaintiff, so as to say that the latter was a fellow servant of the truck driver within contemplation of law.

We cannot agree with the defendant's contention that the character of plaintiff's contract of employment is immaterial, and that the plaintiff should not be permitted to recover in this case because he was injured as a result of the

negligence of a fellow servant. As the supreme court of Michigan well says in *Syneszewski* v. *Schmidt*, 153 Mich. 438, at pages 442, 443, "when the law forbids that one shall be employed as a servant it seems illogical to say that he may be a fellow servant, or that the employer can be permitted to say that one who under the terms of positive law may not be his servant is fellow-servant of his servants."

In *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, which involved the employment of a minor in violation of a prohibitory statute, the court denied the defendant's contention that the minor assumed the risks of his employment, and, at page 497 of that opinion, says: "The defendant cannot be permitted to show an illegal contract and his own consequent criminal guilt in order to interpose a defense. . . . No court consciously will enforce, directly or indirectly, an illegal contract."

The reasoning of these two cases as to the effect of employing a minor in violation of a prohibitory statute is apparently supported by the great weight of authority, whatever may be the ground or grounds upon which the courts rest their decisions. See *Volpe* v. *Hammersley Mfg. Co.*, 96 N. J. L. 489, 115 A. 665; *Norman* v. *Virginia Pocahontas Coal Co.*, 68 W. Va. 405; *Knoxville News Co.* v. *Spitzer*, 152 Tenn. 614; *O'Neill* v. *Rovatsos*, 114 Neb. 142; 39 C. J. 812, par. 1023. 18 R. C. L. 741, § 214.

The defendant strongly argues that the case of *William B. Tilghman Co., Inc.* v. *Conway*, 150 Md. 525, 133 A. 593, squarely supports his contention and should be followed by us in the instant case. Upon an examination of that case, which is the only one coming to our attention that can fairly be considered as supporting defendant's contention, we are not persuaded to follow it, especially as it is against the great weight of authority.

The defendant further argues that the decisions of this court in *Langlois* v. *Dunn Worsted Mills*, 25 R. I. 645, *Rossi* v. *Ronci*, 59 R. I. 307, and *Rossi* v. *Ronci*, 63 R. I. 250, 7 A. 2d 773, support his position. These cases are all clearly dis-

tinguishable, both in their facts and in the issues involved, from the instant case and are therefore inapplicable.

For the sake of clarity, we deem it pertinent to observe at this point that the plaintiff here does not claim that the defendant is liable merely because he employed the plaintiff without first securing from him an age and employment certificate, as required by G. L. 1923, chap. 85. In other words, the plaintiff does not take the position that the mere violation of the statute was the proximate cause of his injuries. He frankly admits that he cannot recover in this action for negligence unless the evidence fairly shows that, while he was in the exercise of due care, the defendant, through his servant, was negligent and that such negligence was the proximate cause of his injuries. The violation of said chap. 85 is alleged by the plaintiff as a matter of inducement, to show that in the circumstances the defendant is not entitled to set up as a defense that the plaintiff and the truck driver were fellow servants at the time of the accident.

For the above reasons, we are of the opinion that the declaration before us states a case. The defendant's demurrer was properly overruled. His exception on this point is overruled.

The defendant relies on thirteen exceptions to rulings on the introduction or exclusion of evidence during the trial. All these exceptions raise substantially the same question presented by the demurrer. In view of our decision on that point, they are without merit and are therefore overruled.

The defendant presses two exceptions to the action of the trial justice on the motion for a new trial: (1) that he erred in conditionally granting that motion.; and (2) that he erred in not granting such motion without condition. These exceptions are directed to the sufficiency and weight of the evidence on the issues of liability and damages.

We have read the evidence and, with one exception, we find it conflicting on material points. The credibility of the witnesses is also involved. An extensive review of the evi-

dence will serve no useful purpose as it was fairly open to different conclusions.

It is undisputed that at the time of the accident the plaintiff was under sixteen years of age and that the defendant, who was in the shellfish business, had employed him without first obtaining an age and employment certificate, as required by statute.

The testimony for the plaintiff tends to show that, about 7:30 or 7:45 o'clock on the evening in question, he and another boy, Harold Moon, were ordered by the defendant to go with the driver of the truck, Robert J. Morse, and dump a load of empty shells at Waldeck's dump; that he sat in the cab of the truck between the driver and Moon, both in going to and in returning from the dump; that it was a "cloudy, misty night" and dark; and that the windows of the cab were closed. The evidence further tends to show that on the trip to the dump the driver of the truck stopped and looked both ways before crossing the railroad tracks; but that on the return trip he did not "look very well" or stop at the grade crossing; that the truck had almost cleared the railroad tracks when it was struck by a train, hurling the plaintiff out of the cab of the truck and severely injuring him. We need not concern ourselves with the medical testimony in the case, because the plaintiff's injuries will reasonably stand the verdict of $8000 as reduced by the trial justice, if he is entitled to recover.

The defendant was the only witness in his behalf. In direct examination he testified that he employed the plaintiff occasionally before the accident; that on the day of the accident the plaintiff was assigned to work in the shop; that he ordered Morse to take the shells to the dump; that he did not tell the plaintiff or Moon to go on the truck with Morse; and that he saw the truck go out but did not know who was in the cab of the truck.

Before adverting to the defendant's cross-examination, we note here that it appears in evidence that at the time of this accident he had accepted the provisions of our workmen's

compensation act then in force. G. L. 1923, chap. 92, now G. L. 1938, chap. 300. Section 6, article I of that act in force in 1923 provided that: "A minor working at an age *legally* permitted under the laws of this state shall be deemed sui juris for the purpose of this chapter." (italics ours). Section 1, paragraphs 1, 2, 3 and 4 of article V of the act provided that every employer who elects to become subject to the act must carry insurance against liability to pay compensation or, in the alternative, he must satisfy the director of labor, by bond or otherwise, of his financial ability to pay compensation directly to an injured employee.

The defendant in cross-examination admitted that he made a report of plaintiff's accident to the state authorities, as required by the workmen's compensation act, and that in this report he stated that at the time of injury the plaintiff was "working at the plant". A series of questions from plaintiff's counsel, designed to bring out further statements made by the defendant in this report with reference to the nature and extent of plaintiff's employment, were clearly evaded by the defendant. Then came the following question and answer: "Q. Did you ever have a conversation with Mr. Huling after the accident, in which conversation you told him that you were making a report to the insurance company that his pay was fourteen dollars a week? A. I can't recall it."

Defendant's counsel promptly moved that the case be taken from the jury and passed because plaintiff's counsel had "voluntarily, and purposely", brought up the question of insurance. The trial justice denied this motion on the ground that, in his judgment, counsel's reference "to the matter of insurance referred not to the insurance in the case, but to insurance to protect Mr. Finn from any liability under the Workmen's Compensation Act." Defendant saved an exception to this ruling, which we will consider later in this opinion. In rebuttal, the plaintiff was allowed to testify, over defendant's objections, that at the hospital the defendant told him that he, the defendant, was reporting the plain-

tiff's "weekly pay to be fourteen dollars per week"; and that he received seven dollars a week for a few weeks, when such payments stopped.

Our examination of the evidence convinces us that, in ruling on defendant's motion for a new trial, the trial justice did not misconceive or overlook any material evidence in the case. On the contrary, he fairly considered such evidence in the light of the jury's verdict, both as to liability and damages, sustaining that verdict on the former issue and ordering a remittitur on the latter issue. Furthermore, he had the opportunity of hearing and seeing the witnesses, which is denied us, so that he could more accurately pass upon their credibility. In the circumstances, the evidence being conflicting, we cannot say that he was clearly wrong in conditionally denying defendant's motion for a new trial. The two exceptions of the defendant to this action of the trial justice are overruled.

We will next consider the defendant's exception to the denial of his motion to pass the case on the ground that plaintiff's counsel had referred to "insurance" in a question to the defendant. Whether a defendant's motion on such ground should be granted depends upon the circumstances of each case. If, considering all attending circumstances, prejudice to the defendant can be fairly and naturally apprehended, the motion to pass the case should be granted, otherwise it should be denied. *Lavigne* v. *Ballantyne,* 66 R. I. 123, 17 A. 2d 845; *Walling* v. *Jenks,* 59 R. I. 129.

When the alleged objectionable question in this case is considered in connection with its context, with the evasive character of defendant's testimony as to his report about the accident under the workmen's compensation act, and with his statement to the plaintiff in reference thereto, it is clear that the insurance mentioned by plaintiff's attorney in that question referred to compensation insurance required by the workmen's compensation act and not to liability insurance covering the defendant's liability in the case then on trial. Furthermore, it is also clear that, in asking the question, it

was not the purpose of plaintiff's attorney to inject into the case improper and extraneous matter in order to prejudice the defendant. We agree with the trial justice that in the circumstances there could be no reasonable apprehension of prejudice to the defendant. Defendant's exception on this point is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*Samson Nathanson,* for plaintiff.

*Henry M. Boss, J. Whitney MacDonald, Conrad K. Strauss,* for defendant.