STATE OF MARYLAND, TO THE USE OF SARA PAYNE WILSON, ET AL. *v.* THE NORTH EAST FIRE BRICK COMPANY.

[No. 1, January Term, 1942.]

368

*Decided February 4, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*G. C. A. Anderson* and *H. J. Wolfinger,* with whom were *Carmen, Tucker & Anderson* on the brief, for the appellants.

*Roszel C. Thomsen,* with whom were *G. Elbert Marshall* and *Clark, Thomsen & Smith* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellants, dependents of a workman whose death is alleged to have been caused by silicosis, after having had their claim under the Workmen's Compensation Act, Code, 1924 Ed. and 1935 Supp., Art. 101, disallowed, have filed this suit at common law against the employer, with

an allegation of negligence on its part causing the fatal condition. The employer pleaded in bar its full compliance with the Act, and the plaintiffs filed a replication that the injury and death were not covered by the Act. The sufficiency of this replication was denied by demurrer, the demurrer was sustained, and from judgment on the demurrer for the defendant the plaintiffs have appealed.

The replication is, more specifically, that the husband and father of the plaintiffs died on November 17, 1937, and that on or about November 26, 1937, an application for payment of compensation by the employer, the North East Fire Brick Company, was made, and a hearing had on the question whether death was the result of an accidental injury arising out of and in the course of his employment within the provisions of the Maryland Workmen's Compensation Act; that the State Industrial Accident Commission found and determined that it was not the result of an accidental injury arising out of and in the course of the employment within the provisions of the Act, and disallowed the claim. This final exclusion from the operation of the Act, it is argued, leaves unobstructed a right of action for damages at common law. And this is the contention to be tested on the demurrer. The negligence alleged is a failure of the employer to furnish the deceased with a reasonably proper and safe place to work, and to avoid exposing him to unnecessary danger while engaged in his work, with the result that silicosis brought on the death.

It is agreed that silicosis is an occupational disease. *Sinsko v. Weiskettel & Sons Co.*, 163 Md. 614, 163 A. 851; *Marsh v. Industrial Accident Commission*, 217 Cal. 338, 342, 18 P. 2d. 933, 86 *A. L. R.* 563. And prior to the passage of the Act of 1939, Ch. 465, Secs. 32-A, 32-D and 32-E (Code, 1939, Art. 101, Sec. 34, Subsec. 33, and Secs. 37, 38), and at the time of the decedent's death the results of occupational diseases were not compensated under the Workmen's Compensation Act. Code, 1924 Ed. and 1935 Supp, Art. 101. In the case of *Vic-*

*tory Sparkler & Specialty Co. v. Francks,* 147 Md. 368, 379, 128 A. 635, 44 *A. L. R.* 363, it was held that an act of negligence producing such a disease might render it accidental, and so compensable under the Act. But here disallowance of the claim by the Commission is taken by the plaintiffs to contradict that consequence, even though negligence is again alleged, and to support the argument that the plaintiffs are left to their remedy at common law. This court, concurring with the trial court, is of opinion that the law as it is settled in this State is opposed to that conclusion.

The question was exhaustively argued and examined, with a review of all relevant authorities, in *Victory Sparkler & Specialty Co. v. Francks, supra.* As stated in the brief of the appellee in that case, the principal contention was that the employee, "having contracted disease as a result of the negligence of the appellant and under circumstances which render it liable to her upon undisputed principles of common law, she is entitled to recover on account thereof, because no compensation is provided for such an injury by the Workmen's Compensation Act, disease as such being entirely without the purview of that Act." And it was that contention which was answered by the court, saying, page 376 of 147 Md., page 637 of 128 A., 44 *A. L. R.* 363 : "It has been argued with ability and skill that the Workmen's Compensation Act is restricted in its operation to that distinct and separate class of injuries arising from accidents, and that with respect to all other injuries from any other cause the common-law remedies exist in full vigor and efficacy against the employer. This theory of the statute is at once confronted by the salient purpose of the act to put an end to private controversy and to litigation. It splits apart the field of negligence in hazardous employments, and makes futile the law's pronouncement that it is the exclusive remedy for every phase of extrahazardous employment, except as by its own terms specified. * * * The legislative intent was to include within the Act, not only the newly created class

of compensable injuries, but also every injury which could be suffered by any worker in the course and arising out of the employment for which there was then a subsisting right of action. * * * With this conception of the purpose and effect of the Act, the Legislature was consistent in making the prescribed liability of the employer and remedy of the employee exclusive with respect to all injuries sustained in the hazardous employment." It is pointed out that the court, page 383 of 147 Md., 128 A. 635, 44 *A. L. R.* 363, notwithstanding that conclusion, remanded the case to enable the plaintiff to show a right of recovery in her common law action by amendment, but there is no inconsistency in this, because it was done upon a petition representing that the plaintiff was unaffected in any way by the Act, being a minor, employed in handling explosives, contrary to provisions of the section now 44 of Article 101, and the section now 22 of Article 100 of the Code, 1939. *Tilghman Co. v. Conway,* 150 Md. 525, 133 A. 593.

It may be that the conclusion of the court is at odds with the views of a majority of other courts. See cases reviewed; 100 *A. L. R.* 519; 121 *A. L. R.* 1143. Some of the courts formerly agreeing with this court, have since overruled their decisions. See *Triff v. National Bronze & Aluminum Foundry Co.,* 135 Ohio St. 191, 20 N. E. 2d 232, 121 *A. L. R.* 1131; 20 *Cornell Law Quarterly* 392. The statutes applied have not always been similar to that in Maryland. The case of *Kendall Lumber Co. v. State, to Use of Shaffer,* 132 Md. 93, 103 A. 141, cited in support of a common law action, was not one of an employee engaged in his work at the time of injury and death.

Acceptance of the present appellants' contention, then, would require an overruling of the decision in *Victory Sparkler & Specialty Co. v. Francks,* notwithstanding its thorough study, and notwithstanding the continued application of its rule during the years intervening before passage of the Act of 1939. And the court does not find justification for that action.

*Judgment affirmed, with costs.*